**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| **YETI COOLERS, LLC,**<br><br>**Plaintiff,**<br><br>**vs.**<br><br><br>**ONTEL PRODUCTS CORPORATION and WORLD PACK USA, LLC,**<br><br>**Defendants.** | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | **Case No. 1:17-cv-91**<br><br>**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**<br><br>**Jury Trial Demanded** |

**PLAINTIFF YETI COOLERS, LLC'S ORIGINAL COMPLAINT**

Plaintiff YETI Coolers, LLC ("YETI"), by and through its undersigned counsel, as and for its Complaint against Defendants Ontel Products Corporation ("Ontel") and World Pack USA, LLC ("World Pack," and together with Ontel, "Defendants"), hereby alleges as follows:

## NATURE OF THE CASE

1. This is an action for: (I) federal trade dress infringement under 15 U.S.C. § 1125(a); (II) federal unfair competition and false designation of origin under 15 U.S.C. § 1125(a); (III) federal trade dress dilution under 15 U.S.C. § 1125(c); (IV) patent infringement of U.S. Des. Patent No. D752397 under 35 U.S.C. § 271; (V) patent infringement of U.S. Des. Patent No. D760586 under 35 U.S.C. § 271; (VI) trade dress dilution under TEX. BUS. & COM. CODE § 16.103; (VII) trade dress infringement under Texas common law; (VIII) unfair competition under Texas common law; (IX) misappropriation under Texas common law; and (X) unjust enrichment.

2. This action is based on Defendants' willful, knowing, persistent, and unauthorized use of YETI's famous YETI Rambler Bottle and YETI Rambler Colster Trade Dress (as

hereinafter defined) and YETI's patents in connection with Defendants' manufacture, importation, sale, and advertisement of imitation, knock-off insulated drinkware products.

## THE PARTIES

3.      Plaintiff YETI is a limited liability company organized and existing under the laws of the State of Delaware with its principal place of business at 5301 Southwest Parkway, Suite 200, Austin, Texas 78735.

4.      Defendant Ontel is a corporation organized and existing under the laws of the State of New Jersey, with its principal place of business at 21 Law Drive, Fairfield, New Jersey 07004.

5.      Defendant World Pack is a limited liability company organized and existing under the laws of the State of Nevada, with its principal place of business at 2880 North Lamb Boulevard, Las Vegas, Nevada 89115.

## JURISDICTION AND VENUE

6.      The claims for federal trade dress infringement, trade dress dilution, and unfair competition and false designation of origin asserted in Counts I-III *infra*, arise under the Trademark Act of 1946 (as amended), namely, 15 U.S.C. §§ 1051 *et seq*.  Therefore, this Court has subject matter and original jurisdiction over Counts I-III pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338(a).

7.      The claims for patent infringement asserted in Counts IV and V *infra*, arise under the Patent Act, 35 U.S.C. § 1 *et seq.*

8.      The state law claim for trade dress dilution asserted in Count VI *infra*, arises under the Texas Business and Commerce Code, namely, TEX. BUS. & COM. CODE § 16.103, and is so related to the federal claims asserted in Counts I-III *infra*, that they form part of the same

case or controversy. Therefore, this Court has subject matter jurisdiction over Count VI pursuant to 28 U.S.C. § 1367(a).

9. The claims for common law trade dress infringement, unfair competition, misappropriation, and unjust enrichment in Counts VII-X *infra*, arise under the common law of the State of Texas, and are so related to the federal claims asserted in Counts I-III *infra*, that they form part of the same case or controversy. Therefore, this Court has subject matter jurisdiction over Counts VII-X pursuant to 28 U.S.C. §§ 1338(b) and 1367(a).

10. In the alternative, this Court has subject matter and original jurisdiction over all Counts asserted herein, pursuant to 28 U.S.C. § 1332(a), because complete diversity of citizenship exists between YETI and Defendants, and the amount in controversy exceeds $75,000, exclusive of interest and costs.

11. This Court has personal jurisdiction over Defendants, pursuant to § 302(a)(1) of the Texas Business and Commerce Code, because Defendants solicit business within the State of Texas (including this judicial district), including, but not limited to, the use, advertising, marketing, promoting, distribution, offering for sale, and/or sale of products in Texas that infringe YETI's famous YETI Rambler Trade Dress and infringe YETI's patents.

12. Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(b) and (c), because the claims alleged in the Complaint arose, in part, in this District, YETI's principal place of business exists in this District, and because this Court has personal jurisdiction over Defendants in this District.

## BACKGROUND

### I. YETI's Business and Intellectual Property

#### a. YETI's Business

13. Founded in 2006, YETI is an industry leader in the insulated drinkware marketplace.

14. YETI's insulated drinkware products are highly regarded and well-received by consumers in the United States for their excellent craftsmanship, high-quality, and signature style.

15. As a result of its products' quality and unique designs, YETI's insulated drinkware products have achieved extraordinary success in brand recognition and market penetration. In fact, unsolicited national media often refer to YETI's insulated drinkware products as "must have" products, and the company's insulated drinkware products are among the "nation's fastest growing products for outdoor enthusiasts."

#### b. YETI's Trade Dress

16. For several years, YETI has created, and extensively and continuously used, unique, non-functional designs as source identifiers of its sought after drinkware products, and YETI holds extensive trade dress and other intellectual property rights relating thereto.

17. One such design is YETI's highly acclaimed 36 oz. insulated bottle called the "YETI Rambler Bottle" (shown below).

**YETI Rambler Bottle**

18. YETI has trade dress rights in the overall look and appearance of the YETI Rambler Bottle (the "YETI Rambler Bottle Trade Dress"), including, but not limited to the visual flow of the YETI Rambler Bottle; the curves, tapers, and lines in the YETI Rambler Bottle; the design, style and appearance of these curves, tapers, and lines in the YETI Rambler Bottle; the visual connection and relationship between the curves, tapers, and lines in the YETI Rambler Bottle; the style, design and appearance of design aspects of the YETI Rambler Bottle; the design and appearance of the walls of the YETI Rambler Bottle; the design and appearance of the rim of the YETI Rambler Bottle; the design, appearance, and placement of the taper in the side wall of the YETI Rambler Bottle; the design, appearance, and placement of the style line around the base of the YETI Rambler Bottle; the design, appearance, and placement of the taper in the cap of the YETI Rambler Bottle; the design, appearance, and placement of the handle on the cap of the YETI Rambler Bottle; the design, appearance, and placement of the top plane of

the cap of the YETI Rambler Bottle; the design, appearance, and placement of the side walls of the cap of the YETI Rambler Bottle; the color contrast and color combinations of the YETI Rambler Bottle and the bottle cap on the YETI Rambler Bottle; and the overall look and appearance of the bottle and the bottle with the bottle cap that YETI uses in connection with the YETI Rambler Bottle.

19. YETI also owns extensive intellectual property rights to YETI's highly acclaimed insulated beverage holder called the "YETI Rambler Colster" (the "YETI Rambler Colster Beverage Holder") (shown below).

| **YETI Rambler Colster Beverage Holder** |
| --- |
|  |

20. YETI has trade dress rights in the overall look and appearance of the YETI Rambler Colster Beverage Holder (the "YETI Rambler Colster Trade Dress"), including, but not limited to the visual flow of the YETI Ramb1er Colster beverage holder; the curves, tapers, and lines in the YETI Rambler Colster Beverage Holder; the design, style and appearance of these curves, tapers, and lines in the YETI Rambler Colster Beverage Holder; the visual connection and relationship between the curves, tapers, and lines in the YETI Ramb1er Colster beverage holder;

the style, design and appearance of design aspects of the YETI Rambler Colster Beverage Holder; the design and appearance of the walls of the YETI Rambler Colster Beverage Holder; the design and appearance of the rim of the YETI Rambler Colster Beverage Holder; the design and appearance of the gasket of the YETI Rambler Colster Beverage Holder; the design, appearance, and placement of the top plane of the gasket of the YETI Rambler Colster Beverage Holder; the design, appearance, and placement of the side walls of the container and the side walls of the gasket of the YETI Rambler Colster Beverage Holder; the design, appearance, and placement of the style line around the base of the YETI Rambler Colster Beverage Holder; the design and appearance of the bottom of the YETI Rambler Colster Beverage Holder; the color contrast and color combinations of the container of the YETI Rambler Colster Beverage Holder and the gasket of the YETI Rambler Colster Beverage Holder; and the overall look and appearance of the container and the container with the gasket that YETI uses in connection with the YETI Rambler Colster Beverage Holder.

21. The YETI Rambler Colster Beverage Holder and the YETI Rambler Bottle shall hereinafter be collectively referred to as "YETI's Rambler Products," and their trade dress shall hereinafter be referred to collectively as "YETI Rambler Trade Dress."

22. The YETI Rambler Trade Dress is non-functional.

23. YETI has invested substantial effort and resources into developing and promoting its YETI Rambler Products and YETI Rambler Trade Dress.

24. Through YETI's consistent and extensive use of the YETI Rambler Trade Dress, these designs have become well-known indicators of the origin and quality of the YETI Rambler Products.

25. YETI has enjoyed significant sales of the YETI Rambler Products throughout the United States, including sales to customers in the State of Texas.

26. The strength and recognition of the YETI Rambler Trade Dress is evident from the considerable amount of unsolicited media attention acknowledging YETI's prominent use of such non-traditional designs, with unsolicited media often referring to the YETI Rambler Products as some of the most sought after gifts. True and correct copies of examples of such unsolicited media attention are attached hereto as **Exhibit "A."**

27. As a result of these efforts, YETI has achieved valuable goodwill and secondary meaning in its YETI Rambler Trade Dress.

28. Further, as a direct result of the considerable time, effort, money, advertising and promotion of its YETI Rambler Trade Dress, the trade dress has become well known, distinctive and famous.

29. Consequently, the YETI Rambler Trade Dress represents a valuable asset for YETI.

**c. YETI's Design Patents**

30. The United States Patent and Trademark Office has acknowledged the novel, innovative and unique design relating to the YETI Colster Beverage Holder, awarding U.S. Des. Patent No. D752397 S (the "'397 Patent") to YETI. A true and correct copy of the patent is attached as **Exhibit "B."**

31. An exemplary view of the claimed design of the ’397 Patent is displayed below:

**’397 Patent, Figure 1**

32. The ’397 Patent serves as prima facie proof that the patented design is novel and non-obvious.

33. The United States Patent and Trademark Office has also acknowledged the novel, innovative and unique design relating to the cap of the YETI Rambler Bottle, awarding U.S. Des. Patent No. D760586 S (the “’586 Patent”) to YETI. A true and correct copy of the patent is attached as **Exhibit “C.”**

34. An exemplary view of the claimed design of the ’586 Patent is displayed below:

**’586 Patent, Figure 2**

35. The ’586 Patent serves as prima facie proof that the patented design is novel and non-obvious.

36. The ’397 Patent and ’586 Patent are hereinafter collectively referred to as the “YETI Rambler Patents.”

## II. Defendants and their Infringing Activities

### a. Defendants’ Business

37. Ontel and co-Defendant World Pack USA are known “knock-off artists.”

38. As alleged in several other lawsuits against Defendants, Ontel’s and World Pack’s business model is to identify popular products sold by others, and then use inexpensive overseas manufacturing and inferior quality materials to manufacture low-priced knock-offs bearing identical or confusingly similar trademarks and trade dress, and other violations of brand owners’ intellectual property rights.

39. Defendants have an established history of violating the intellectual property rights of others, all while Defendants manufacture, import, sell, and advertise their inferior products to the unsuspecting public.

**b. Defendants' Infringement of the YETI Rambler Trade Dress and the YETI Patents**

40. With full knowledge of YETI's ownership and use of the YETI Rambler Trade Dress, Defendants copied and used elements of the YETI Rambler Trade Dress on and in connection with their insulated drinkware products.

41. Defendant Ontel primarily sells its knock-off YETI products on its website, <https://www.buyrockymountain.com>.

42. Among them are offers to purchase an insulated beverage holder called the "Coozie" (the "Rocky Mountain Coozie") and a Rocky Mountain "steel drinking bottle" (the "Rocky Mountain Bottle"). A true and correct copy of Defendants' website offering these products for sale is attached hereto as **Exhibit "D."**

43. As shown by the comparison below, the Rocky Mountain Coozie bears an identical design to the YETI Rambler Colster Beverage Holder:

| Rocky Mountain Coozie[1] | YETI Rambler Colster[2] | '397 Patent, Figure 1 |
|---|---|---|
|  | | |

[1] Image of the Rocky Mountain Coozie with a beverage can.
[2] Image of the YETI Rambler Colster Beverage Holder with a beverage can.

44. The Rocky Mountain Coozie also resembles the designs embodied in the article of manufacture claimed in the ’397 Patent (*i.e.*, a beverage holder design) such that an ordinary observer would regard them as substantially the same (see above).

45. Not surprisingly, as shown below, the Rocky Mountain Bottle also bears an identical design to the YETI Rambler Bottle:

| Rocky Mountain Bottle | YETI Rambler Bottle | ’586 Patent, Figure 2 |
|---|---|---|
|  | | |

46. The Rocky Mountain Bottle also resembles the designs embodied in the article of manufacture claimed in the ’586 Patent (*i.e.*,, a cap design) such that an ordinary observer would regard them as substantially the same (see above).

47. The Rocky Mountain Coozie and the Rocky Mountain Bottle are hereinafter collectively referred to as the “Infringing Products.”

48. World Pack processes, fulfills, and/or administers orders for the Infringing Products placed through the <www.buyrockymountain.com> website and through the toll-free phone number(s) displayed in internet and television advertising.

49. World Pack sells the Infringing Products to customers located throughout the United States and its territories, including Texas.

50. Additionally, the <www.buyrockymountain.com> website instructs customers to email "turboscrubcs@worldpackusa.com" for customer service, and World Pack's website further provides fulfillment and shipping information via the webpage <http://ontel.worldpackusaorderstatus.com>. Both the email address and the webpage are owned and administered by World Pack.

51. The foregoing acts have occurred in interstate commerce and in a manner affecting interstate commerce.

52. Defendants engage in substantial activity in Texas and this District. Examples of Defendants' activity include the fact that Defendants offer the Infringing Products for sale in Texas (including this District) through their website and otherwise.

53. Defendants have relied, and will continue to rely, on YETI's existing goodwill, consumer recognition, and marketing, promotion, and advertising of the YETI Rambler Products so that Defendants can enhance the sales of their Infringing Products.

54. YETI has not authorized, licensed or otherwise condoned or consented in any way to Defendants' use of the YETI Rambler Trade Dress or the claimed designs of the YETI Rambler Patents.

55. YETI has no control over the nature, quality or pricing of the goods provided by Defendants using the YETI Rambler Trade Dress.

56. The YETI Rambler Trade Dress has acquired secondary meaning among the relevant consuming public, and has become well known, distinctive, and famous before Defendants' sale of the Infringing Products commenced.

57.     Defendants' use of the YETI Rambler Trade Dress is likely to dilute the distinctive qualities of the famous YETI Rambler Trade Dress, to decrease the capacity of the trade dress to identify and distinguish YETI's products, and to cause harm to YETI's business reputation.

58.     Defendants' use of the YETI Rambler Trade Dress in connection with competing insulated drinkware products is likely to cause consumer confusion as to the source or affiliation of those products.

59.     Defendants' conduct complained of herein has been done and is done with the intent to cause confusion, mistake or deception as to the source or affiliation of the parties' respective products.

60.     Defendants have misappropriated YETI's substantial property rights in the YETI Rambler Trade Dress, as well as the substantial goodwill associated therewith.  Unless restrained and enjoined by this Court, such conduct will permit Defendants to gain an unfair competitive advantage over YETI, permit Defendants to enjoy the public interest in and marketing power of the YETI Rambler Trade Dress, and cause substantial harm to unsuspecting consumers who are likely to purchase Defendants' inferior products, believing the Infringing Products originate from or associated with YETI.

61.     Further, if Defendants are permitted to continue using, promoting, marketing, advertising, distributing and selling insulated drinkware products using the YETI Rambler Trade Dress, their actions will continue to cause irreparable injury to YETI, to the distinctiveness of the YETI Rambler Trade Dress, and to the goodwill and business reputation associated with the YETI Rambler Trade Dress.

**COUNT I**

(*Federal Trade Dress Infringement Under 15 U.S.C. § 1125(a)*)

62. YETI repeats and re-alleges paragraphs 1 through 61 of the Complaint as though set forth fully herein.

63. The YETI Rambler Trade Dress is non-functional.

64. The YETI Rambler Trade Dress is unique and distinctive as to the source of the YETI Rambler Products and has acquired secondary meaning because consumers associate YETI as the source of goods provided under the YETI Rambler Trade Dress. The YETI Rambler Trade Dress is entitled to protection under both federal and common law.

65. Defendants' use in commerce of the YETI Rambler Trade Dress to advertise, market, promote, distribute, offer for sale, and/or sell Defendants' products (including, but not limited to, the Infringing Products), without YETI's consent, is likely to cause confusion, cause mistake, and/or deceive consumers into mistakenly believing that Defendants are YETI, or are licensees, authorized distributors, or affiliates of YETI, or that Defendants, their activities, and/or their products, are authorized, endorsed, sponsored, or approved by YETI, or vice versa.

66. Defendants have made, and will continue to make, substantial profits and gain from their unauthorized use of the YETI Rambler Trade Dress to which they are not entitled in law or equity.

67. The acts of Defendants alleged in paragraphs 1 through 66 above were intentional, willful, with bad faith, and were committed with the intention of deceiving and misleading the public and causing harm to YETI, and made with the full knowledge of YETI's trade dress rights.

68. Defendants' acts and conduct complained of herein constitute federal trade dress infringement in violation of 15 U.S.C. § 1125(a).

69. YETI has suffered, and will continue to suffer, irreparable harm from Defendants' unauthorized use of the YETI Rambler Trade Dress unless restrained by law.

70. As a direct and proximate result of Defendants' infringing and unlawful acts, YETI has suffered and will continue to suffer damages in an amount that is not presently ascertainable, but will be established at trial, and, at minimum, exceeds $75,000, exclusive of interest and costs.

**COUNT II**

(*Federal Unfair Competition and False Designation of Origin Under 15 U.S.C. § 1125(a)*)

71. YETI repeats and re-alleges paragraphs 1 through 70 of the Complaint as though set forth fully herein.

72. The YETI Rambler Trade Dress is non-functional, and unique and distinctive as to the source of the YETI Rambler Products, and has acquired secondary meaning, because consumers associate YETI as the source of goods provided under the YETI Rambler Trade Dress. The YETI Rambler Trade Dress is entitled to protection under both federal and common law.

73. Defendants' acts and conduct as described herein are likely to cause confusion, cause mistake, and/or deceive the public into mistakenly believing that the Infringing Products are either YETI Rambler Products or that the Infringing Products originate from or are somehow connected to or associated with YETI and/or YETI's famous YETI Rambler Trade Dress, such as being sold or sponsored by the same party. Such acts constitute unfair competition, at least because Defendants have obtained an unfair advantage as compared to YETI, through their use of the YETI Rambler Trade Dress to falsely designate the origin, affiliation or sponsorship of Defendants and the Infringing Products.

74. The acts of Defendants alleged in paragraphs 1 through 73 above were intentional, willful, with bad faith, and were committed with the intention of deceiving and misleading the public and causing harm to YETI, and made with the full knowledge of YETI's intellectual property rights.

75. Defendants have made, and will continue to make, substantial profits and gain from their use of the YETI Rambler Trade Dress in the United States, to which they are not entitled in law or equity.

76. Upon information and belief, Defendants' acts and conduct complained of herein constitute unfair competition and false designation of origin in violation of 15 U.S.C. § 1125(a).

77. YETI has suffered, and will continue to suffer, irreparable harm as a direct and proximate cause of Defendants' unfair competition and false designation, including, but not limited to, the diversion of sales from YETI to Defendants, and/or a lessening of the goodwill associated with the YETI Rambler Trade Dress.

78. As a direct and proximate result of Defendants' infringing and unlawful acts, YETI has suffered and will continue to suffer damages in an amount that is not presently ascertainable, but will be established at trial, and, at minimum, exceeds $75,000, exclusive of interest and costs.

**COUNT III**
(*Federal Trade Dress Dilution Under 15 U.S.C. § 1125(c)*)

79. YETI repeats and re-alleges paragraphs 1 through 78 of the Complaint as though set forth fully herein.

80. The YETI Rambler Trade Dress is non-functional, and unique and distinctive as to the source of the YETI Rambler Products, and has acquired secondary meaning, because consumers associate YETI as the source of goods provided under the YETI Rambler Trade

Dress. The YETI Rambler Trade Dress is entitled to protection under both federal and common law.

81. The YETI Rambler Trade Dress is widely recognized by the general public and has acquired fame throughout the United States, entitling it to protection from dilution.

82. Defendants' use of the YETI Rambler Trade Dress began after the YETI Rambler Trade Dress became distinctive and famous.

83. Defendants' use of the YETI Rambler Trade Dress without authorization from YETI, and is likely to dilute the distinctive quality of the YETI Rambler Trade Dress, to decrease the capacity of that trade dress to identify and distinguish YETI's Rambler Products, and to cause harm to YETI's business reputation.

84. The acts of Defendants alleged in paragraphs 1 through 83 above were intentional, willful, with bad faith, and with the intention of deceiving and misleading the public and causing harm to YETI, and made with the full knowledge of YETI's trade dress rights.

85. Defendants' acts and conduct complained of herein constitute trade dress dilution in violation of Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c).

86. Unless enjoined by this Court, the acts of Defendants complained of herein will cause YETI to suffer irreparable harm for which there is no adequate remedy at law.

87. As a direct and proximate result of Defendants' infringing and unlawful acts, YETI has suffered and will continue to suffer damages in an amount that is not presently ascertainable, but will be established at trial, and, at minimum, exceeds $75,000, exclusive of interest and costs.

**COUNT IV**

(*Patent Infringement of U.S. Des. Patent No. D752397 S Under 35 U.S.C. § 271*)

88. YETI repeats and re-alleges paragraphs 1 through 87 of the Complaint as though set forth fully herein.

89. YETI owns all rights, title, and interest in and to the ’397 Patent.

90. Defendants have infringed, and continue to infringe, the ’397 Patent in this judicial district and elsewhere by manufacturing, importing, using, selling and/or offering for sale in the United States, and/or inducing others to make, use, sell and/or offer for sale, insulated beverage holders embodying the ornamental design shown and claimed in the ’397 Patent. *Compare* Exhibit B, in particular Figure 1 of the ’397 Patent, *with* Exhibit D, containing an image of the Rocky Mountain Coozie.

91. Defendants’ Rocky Mountain Coozie so resembles the article in the ’397 Patent that an ordinary observer would regard the two as substantially the same.

92. Defendants’ Rocky Mountain Coozie appropriates the points of novelty of the article of the beverage holder claimed in the ’397 Patent.

93. Defendants’ use of the ornamental design shown and claimed in the ’397 Patent is without authorization from YETI.

94. The acts of Defendants alleged in paragraphs 1 through 93 above were intentional, willful, with bad faith, and with the intention of profiting from YETI’s innovative designs and deceiving and misleading the public and causing harm to YETI, and made with the full knowledge of YETI’s ownership of the ’397 Patent.

95. Defendants made, and will continue to make, substantial profits and gain from their unauthorized use of the ornamental design shown and claimed in the ’397 Patent to which they are not entitled in law or equity.

96. Defendants' acts and conduct complained of herein constitute patent infringement in violation 35 U.S.C. §§ 281, 284, 285 and 289.

97. Unless enjoined by this Court, the acts of Defendants complained of herein will cause YETI to suffer irreparable harm for which there is no adequate remedy at law.

98. As a direct and proximate result of Defendants' infringing and unlawful acts, YETI has suffered and will continue to suffer damages in an amount that is not presently ascertainable, but will be established at trial, and, at minimum, exceeds $75,000, exclusive of interest and costs.

**COUNT V**

*(Patent Infringement of U.S. Des. Patent No. D760586 S Under 35 U.S.C. § 271)*

99. YETI repeats and re-alleges paragraphs 1 through 98 of the Complaint as though set forth fully herein.

100. YETI owns all rights, title, and interest in and to the '586 Patent.

101. Defendants have infringed, and continue to infringe, the '586 Patent in this judicial district and elsewhere by manufacturing, importing, using, selling and/or offering for sale in the United States, and/or inducing others to make, use, sell and/or offer for sale, caps for insulated beverage containers embodying the ornamental design shown and claimed in the '586 Patent. *Compare* Exhibit C, in particular Figure 2 of the '586 patent, *with* Exhibit D, containing an image of the Rocky Mountain Bottle with its cap.

102. The cap to Defendants' Rocky Mountain Bottle so resembles the article in the '586 Patent that an ordinary observer would regard the two as substantially the same.

103. The cap to Defendants' Rocky Mountain Bottle appropriates the points of novelty of the beverage container claimed in the '586 Patent.

104. Defendants' use of the ornamental design shown and claimed in the '586 Patent is without authorization from YETI.

105. The acts of Defendants alleged in paragraphs 1 through 104 above were intentional, willful, with bad faith, and with the intention of profiting from YETI's innovative designs and deceiving and misleading the public and causing harm to YETI, and made with the full knowledge of YETI's ownership of the '586 Patent.

106. Defendants made, and will continue to make, substantial profits and gain from their unauthorized use of the ornamental design shown and claimed in the '586 Patent to which they are not entitled in law or equity.

107. Defendants' acts and conduct complained of herein constitute patent infringement in violation of 35 U.S.C. §§ 281, 284, 285 and 289.

108. Unless enjoined by this Court, the acts of Defendants complained of herein will cause YETI to suffer irreparable harm for which there is no adequate remedy at law.

109. As a direct and proximate result of Defendants' infringing and unlawful acts, YETI has suffered and will continue to suffer damages in an amount that is not presently ascertainable, but will be established at trial, and, at minimum, exceeds $75,000, exclusive of interest and costs.

**COUNT VI**

(*Trade Dress Dilution Under TEX. BUS. & COM. CODE § 16.103*)

110. YETI repeats and re-alleges paragraphs 1 through 109 of the Complaint as though set forth fully herein.

111. The YETI Rambler Trade Dress is non-functional.

112. The YETI Rambler Trade Dress is unique and distinctive as to the source of the YETI Rambler Products, and has acquired secondary meaning because consumers associate YETI as the source of goods provided under the YETI Rambler Trade Dress.

113. Through prominent, long, and continuous use in commerce, including commerce within the State of Texas, the YETI Rambler Trade Dress has become and continues to be famous and distinctive throughout the State of Texas and in geographic areas in Texas.

114. Defendants' use of the YETI Rambler Trade Dress began after the YETI Rambler Trade Dress became distinctive and famous.

115. Defendants' use of the YETI Rambler Trade Dress without authorization from YETI, is likely to dilute the distinctive quality of the YETI Rambler Trade Dress, to decrease the capacity of that mark to identify and distinguish YETI's products, and to cause harm to YETI's business reputation.

116. The acts of Defendants alleged in paragraphs 1 through 116 above were intentional, willful, with bad faith, and with the intention of deceiving and misleading the public and causing harm to YETI. Defendants' bad faith is evidenced at least by the similarity of the Infringing Products to the YETI Rambler Trade Dress, and by Defendants' continuing disregard for YETI's intellectual property rights.

117. The aforesaid acts of Defendants constitute trade dress dilution in violation of the Texas Anti-Dilution Statute, TEX. BUS. & COM. CODE § 16.103.

118. Unless enjoined by this Court, the acts of Defendants complained of herein will cause YETI to suffer irreparable harm for which there is no adequate remedy at law.

119. As a direct and proximate result of Defendants' infringing and unlawful acts, YETI has suffered and will continue to suffer damages in an amount that is not presently ascertainable, but will be established at trial. YETI is entitled to injunctive relief, and YETI is

also entitled to recover at least Defendants' profits, actual damages, enhanced profits and damages, and reasonable attorney fees under at least TEX. BUS. & COM. CODE § 16.104.

**COUNT VII**
(*Trade Dress Infringement Under Texas Common Law*)

120. YETI repeats and re-alleges paragraphs 1 through 119 of the Complaint as though set forth fully herein.

121. The YETI Rambler Trade Dress is non-functional.

122. The YETI Rambler Trade Dress is unique and distinctive as to the source of the YETI Rambler Products, and has acquired secondary meaning across the United States, and particularly in the State of Texas, because consumers associate YETI as the source of goods provided under the YETI Rambler Trade Dress.

123. YETI's use of the YETI Rambler Trade Dress predates any alleged use by Defendants in the United States or in the State of Texas.

124. Defendants' use in commerce of the YETI Rambler Trade Dress to advertise, market, promote, distribute, offer for sale, and/or sell Defendants' Infringing Products without YETI's consent is likely to cause confusion, cause mistake, and/or deceive consumers into mistakenly believing that Defendants are YETI, or are licensees, authorized distributors, or affiliates of YETI, or that Defendants, their activities, and/or their Infringing Products are authorized, endorsed, sponsored, or approved by YETI, or vice versa.

125. Defendants used, and presently use, the YETI Rambler Trade Dress in the State of Texas, without YETI's authorization in furtherance of its willful, deliberate, and bad faith scheme to trade upon the extensive consumer goodwill and recognition YETI has established in the YETI Rambler Trade Dress.

126. Defendants made, and will continue to make, substantial profits and gain from their unauthorized use of the YETI Rambler Trade Dress to which they are not entitled in law or equity.

127. The acts of Defendants alleged in paragraphs 1 through 126 above were intentional, willful, with bad faith, and with the intention of deceiving and misleading the public and causing harm to YETI. Defendants' bad faith is evidenced at least by the similarity of the Infringing Products to the YETI Rambler Trade Dress, and by Defendants' continuing disregard for YETI's intellectual property rights.

128. Upon information and belief, Defendants' acts and conduct complained of herein constitute trade dress infringement in violation of the common law of the State of Texas.

129. Unless enjoined by this Court, the acts of Defendants complained of herein will cause YETI to suffer irreparable harm for which there is no adequate remedy at law.

130. As a direct and proximate result of Defendants' infringing and unlawful acts, YETI has suffered and will continue to suffer damages in an amount that is not presently ascertainable, but will be established at trial.

**COUNT VIII**
(*Unfair Competition Under Texas Common Law*)

131. YETI repeats and re-alleges paragraphs 1 through 130 of the Complaint as though set forth fully herein.

132. The YETI Rambler Trade Dress is non-functional, and unique and distinctive as to the source of the YETI Rambler Products, and has acquired secondary meaning across the United States, and particularly in the State of Texas, because consumers associate YETI as the source of goods provided under the YETI Rambler Trade Dress.

133. YETI created the YETI Rambler Trade Dress through extensive time, labor, effort, skill, and money.

134. YETI's use of the YETI Rambler Trade Dress predates any alleged use by Defendants in the United States or in the State of Texas.

135. Defendants' use in commerce of the YETI Rambler Trade Dress to advertise, market, promote, distribute, offer for sale, and/or sell Defendants' Infringing Products constitutes a false and misleading representation of fact, because Defendants are not affiliated or associated with, endorsed or sponsored by, or otherwise connected to YETI or the famous YETI Rambler Products.

136. Defendants' use in commerce of the YETI Rambler Trade Dress to advertise, market, promote, distribute, offer for sale, and/or sell Defendants' Infringing Products is likely to cause confusion, cause mistake, and/or deceive consumers into mistakenly believing that Defendants are YETI, or are licensees, authorized distributors, or affiliates of YETI, or that Defendants, their activities, and/or their Infringing Products are authorized, endorsed, sponsored, or approved by YETI, or vice versa.

137. Defendants used, and presently use, the YETI Rambler Trade Dress without YETI's authorization in furtherance of their willful, deliberate, and bad faith scheme to trade upon the extensive consumer goodwill and recognition YETI has established in the YETI Rambler Trade Dress, and sow consumer confusion between the parties' and their products.

138. Defendants have made, and will continue to make, substantial profits and gain from their unauthorized use of the YETI Rambler Trade Dress to which they are not entitled in law or equity.

139. Defendants' misappropriation of the YETI Rambler Trade Dress has been intentional, willful, and malicious. Defendants' bad faith is evidenced at least by the similarity

of the Infringing Products to the YETI Rambler Trade Dress, and by Defendants' continuing disregard for YETI's intellectual property rights.

140. Upon information and belief, Defendants' acts and conduct complained of herein constitute unfair competition in violation of the common law of the State of Texas.

141. As a direct and proximate result of Defendants' infringing and unlawful acts, YETI has suffered and will continue to suffer damages in an amount that is not presently ascertainable, but will be established at trial.

**COUNT IX**
(*Misappropriation Under Texas Common Law*)

142. YETI repeats and re-alleges paragraphs 1 through 141 of the Complaint as though set forth fully herein.

143. The YETI Rambler Trade Dress is non-functional, and unique and distinctive as to the source of the YETI Rambler Products, and has acquired secondary meaning across the United States, and particularly in the State of Texas, because consumers associate YETI as the source of goods provided under the YETI Rambler Trade Dress.

144. YETI created The YETI Rambler Trade Dress through extensive time, labor, effort, skill, and money.

145. YETI's use of the YETI Rambler Trade Dress predates any alleged use by Defendants in the United States or in the State of Texas.

146. Defendants have wrongfully used the YETI Rambler Trade Dress in competition with YETI and gained an unfair advantage, because Defendants were not burdened with the expenses incurred by YETI.

147. Defendants have commercially damaged YETI, at least by causing consumer confusion as to origin and/or sponsorship/affiliation of the infringing products, by creating the

false and misleading impression that the Infringing Products are manufactured by, authorized by, or otherwise associated with YETI, and by taking away sales that YETI would have made.

148. Defendants' misappropriation of the YETI Rambler Trade Dress has been intentional, willful, and malicious. Defendants' bad faith is evidenced at least by the similarity of the Infringing Products to the YETI Rambler Trade Dress, and by Defendants' continuing disregard for YETI's intellectual property rights.

149. Defendants' acts and conduct complained of herein constitute misappropriation in violation of the common law of the State of Texas.

150. Unless enjoined by this Court, the acts of Defendants complained of herein will cause YETI to suffer irreparable harm for which there is no adequate remedy at law.

151. As a direct and proximate result of Defendants' infringing and unlawful acts, YETI has suffered and will continue to suffer damages in an amount that is not presently ascertainable, but will be established at trial.

**COUNT X**
(*Unjust Enrichment*)

152. YETI repeats and re-alleges paragraphs 1 through 151 of the Complaint as though set forth fully herein.

153. The YETI Rambler Trade Dress is non-functional, and unique and distinctive as to the source of the YETI Rambler Products, and has acquired secondary meaning across the United States, and particularly in the State of Texas, because consumers associate YETI as the source of goods provided under the YETI Rambler Trade Dress.

154. YETI created the products covered by the YETI Rambler Trade Dress through extensive time, labor, effort, skill, and money.

155. Defendants' advertisement, promotion, offers for sale, sales, and/or distribution of the Infringing Products, in direct competition with YETI and the YETI Rambler Products, constitute unjust enrichment, at least because Defendants have wrongfully obtained benefits at YETI's expense. Defendants have also, *inter alia*, operated with an undue advantage.

156. Defendants have wrongfully used and are wrongfully using the YETI Rambler Trade Dress in competition with YETI, and have gained and are gaining a wrongful benefit by undue advantage through such use. Defendants have not been burdened with the expenses incurred by YETI, yet Defendants are obtaining the resulting benefits for its own business and products.

157. Defendants' unjust enrichment at YETI's expense has been intentional, willful, and malicious. Defendants' bad faith is evidenced at least by the similarity of the Infringing Products to the YETI Rambler Trade Dress, and by Defendants' continuing disregard for YETI's intellectual property rights.

158. Defendants' acts and conduct complained of herein constitute unjust enrichment.

159. Unless enjoined by this Court, the acts of Defendants complained of herein will cause YETI to suffer irreparable harm for which there is no adequate remedy at law.

160. As a direct and proximate result of Defendants' infringing and unlawful acts, YETI has suffered and will continue to suffer damages in an amount that is not presently ascertainable, but will be established at trial.

## PRAYER FOR RELIEF

**WHEREFORE**, based on the foregoing, YETI prays for judgment against Defendants as follows:

A. A Declaration that Defendants have infringed YETI's YETI Rambler Trade Dress;

B. A Declaration that Defendants have infringed the YETI Rambler Patents;

C. An Order, pursuant to 17 U.S.C. § 502, preliminarily and permanently enjoining and restraining Defendants, their subsidiaries, divisions, branches, affiliates, predecessors or successors in business, parents, and wholly-owned or partially-owned entities of the parties, and any entities acting or purporting to act for or on behalf of the foregoing, including any agents, employees, representatives, officers, directors, servants, partners, and those persons in active concert or participation with them, from manufacturing, distributing, licensing, using, copying, reproducing, displaying, adapting, offering for sale, and/or selling any product (including, but not limited to, the Infringing Products) that infringes YETI's YETI Rambler Trade Dress;

D. An Order permanently enjoining and restraining Defendants, their subsidiaries, divisions, branches, affiliates, predecessors or successors in business, parents, and wholly-owned or partially-owned entities of the parties, and any entities acting or purporting to act for or on behalf of the foregoing, including any agents, employees, representatives, officers, directors, servants, partners, and those persons in active concert or participation with them, from engaging in any act of unfair competition and trade dress dilution utilizing any trade dress that is identical or confusingly similar to the YETI Rambler Trade Dress;

E. An Order, pursuant to 15 U.S.C. § 283, preliminarily and permanently enjoining and restraining Defendants, their subsidiaries, divisions, branches, affiliates, predecessors or successors in business, parents, and wholly-owned or partially-owned entities of the parties, and any entities acting or purporting to act for or on behalf of the foregoing, including any agents, employees, representatives, officers, directors, servants, partners, and those persons in active concert or participation with them, from manufacturing, distributing, licensing, using, copying, reproducing, displaying, adapting, offering for sale, and/or selling any product (including, but not limited to, the Infringing Products) that infringes the YETI Rambler Patents;

F. An Order directing Defendants to remove the YETI Rambler Trade Dress and designs embodying the articles of manufacture claimed by the YETI Rambler Patents , or any colorable imitation(s) thereof, from all of Defendants' products (including, but not limited to, the Infringing Products), as well as from any websites or promotional materials, whether electronic, printed or otherwise, under Defendants' direct or indirect dominion and control;

G. An Order, pursuant to 15 U.S.C. § 1118, directing the seizure, delivery, and destruction of each good within Defendants' possession, custody, and control that infringes YETI's exclusive rights in and to the YETI Rambler Trade Dress and the YETI Rambler Patents;

H. An Order directing Defendants, pursuant to 15 U.S.C. § 1116(a), to file with the Court and serve on YETI's counsel within 30 days after service of the injunction, a written report, sworn under oath, setting forth in detail the manner and form in which Defendants have complied with the injunction;

I. An Order directing an accounting to determine Defendants' profits resulting from their unlawful activities;

J. An Order awarding YETI compensation for any and all damages, injury or harm pursuant to 15 U.S.C. § 1117, 35 U.S.C. §§ 284 and 289, and Texas law;

K. An Order directing Defendants to pay, jointly and severally, full restitution and/or disgorgement of all profits, including any lost profits, and benefits that may have been obtained by Defendants as a result of its wrongful conduct pursuant to 15 U.S.C. § 1117 and 35 U.S.C. §§ 284 and 289;

L. An Order awarding YETI treble damages resulting from Defendants' willful and intentional conduct pursuant to 15 U.S.C. § 1117 and 35 U.S.C. §§ 284 and 289 and under Texas law;

M. An Order awarding YETI punitive and exemplary damages as permitted by Texas law;

N. An Order awarding YETI pre-judgment interest;

O. An Order awarding YETI its reasonable costs and attorneys' fees pursuant to Texas law, and a Declaration that this case is "exceptional" within the meaning of 15 U.S.C. § 1117 and 35 U.S.C. § 285; and

P. An Order awarding YETI any further relief this Court shall deem just and equitable.

## JURY DEMAND

Pursuant to Rules 38(b) and 38(c) of the Federal Rules of Civil Procedure, YETI requests a trial by jury for all issues so triable.

Respectfully submitted,

Dated: February 8, 2017
Austin, Texas

**ANDREWS KURTH KENYON LLP**

/s/ David P. Whittlesey

David P. Whittlesey
Texas Bar No. 00791920
Leslie Ritchie Robnett
Texas Bar No. 24065986
111 Congress Avenue
Suite 1700
Austin, TX 78701
Tel.: 512.320.9330
Fax: 512.320.9292
Email: davidwhittlesey@andrewskurth.com
leslierobnett@andrewskurth.com

Susan A. Smith*
1350 I Street, NW
Suite 1100
Washington, D.C. 20005
Tel.: 202.662.3041
Fax: 202.662.2739
Email: susansmith@andrewskurth.com

Jeremy S. Boczko*
One Broadway
New York, N.Y. 10004-1007
Tel.: 212.908.6331
Fax: 212.425.5288
Email: jboczko@andrewskurth.com

*to apply *pro hac vice*

*Attorneys for Plaintiff*
*YETI Coolers, LLC*