**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

| | | |
|---|---|---|
| **YETI COOLERS, LLC** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **Case No. 1:17-cv-91** |
| | § | |
| **ONTEL PRODUCTS CORPORATION,** | § | **ANSWER AND AFFIRMATIVE** |
| **and WORLD PACK USA, LLC,** | § | **DEFENSES TO PLAINTIFF'S** |
| | § | **ORIGINAL COMPLAINT** |
| **Defendants.** | § | |

**DEFENDANTS' ANSWERS AND DEFENSES TO PLAINTIFF'S ORIGINAL
COMPLAINT**

**TO THE HONORABLE JUDGE OF SAID COURT:**

Defendants Ontel Products Corporation (Ontel") and World Pack USA, LLC, ("World
Pack") (hereafter collectively the "Defendants") files this Answer and Defenses in response to
the Original Complaint (Dkt. No. 1) filed by Plaintiff Yeti Coolers, LLC ("Yeti").

**<u>RESPONSES TO INDIVIDUALLY NUMBERED PARAGRAPHS</u>**

Defendants respond as follows to the individually numbered paragraphs in Yeti's
Original Complaint:

1. This is an action for: (I) federal trade dress infringement under 15 U.S.C. §
1125(a); (II) federal unfair competition and false designation of origin under 15 U.S.C. §
1125(a); (III) federal trade dress dilution under 15 U.S.C. § 1125(c); (IV) patent infringement of
U.S. Des. Patent No. D752397 under 35 U.S.C. § 271; (V) patent infringement of U.S. Des.
Patent No. D760586 under 35 U.S.C. § 271; (VI) trade dress dilution under TEX. BUS. & COM.
CODE § 16.103; (VII) trade dress infringement under Texas common law; (VIII) unfair

competition under Texas common law; (IX) misappropriation under Texas common law; and (X) unjust enrichment.

**Answer: Yeti's allegations in Paragraph 1 are legal conclusions that Defendants are not required to admit or deny, but to the extent that any response is required, Defendants state that they admit that the Original Complaint alleges violations of 15 U.S.C. § 1125(a) though (c), patent infringement, Texas common law trade dress infringement, Texas common law unfair competition, Texas common law misappropriation, and unjust enrichment, but deny that the Counts have any merit.**

2.     This action is based on Defendants' willful, knowing, persistent, and unauthorized use of YETI's famous YETI Rambler Bottle and YETI Rambler Colster Trade Dress (hereinafter defined) and YETI's patents in connection with Defendants' manufacture, importation, sale, and advertisement of imitation, knock-off insulated drinkware products.

**Answer: Yeti's allegations in Paragraph 2 are legal conclusions that Defendants are not required to admit or deny, but to the extent that any response is required, Defendants state that they admit that the Original Complaint contains allegations of willful, knowing, persistent, and unauthorized use of YETI's YETI Rambler Bottle and YETI Rambler Colster Trade Dress and YETI's patents in connection with Defendants' manufacture, importation, sale, and advertisement of imitation, knock-off insulated drinkware products, but deny that the allegations have any merit.**

## THE PARTIES

3.     Plaintiff YETI is a limited liability company organized and existing under the laws of the State of Delaware with its principal place of business at 5301 Southwest Parkway, Suite 200, Austin, Texas 78735.

**Answer: Defendants admit the allegations contained in Paragraph 3.**

4.      Defendant Ontel is a corporation organized and existing under the laws of the State of New Jersey, with its principal place of business at 21 Law Drive, Fairfield, New Jersey 07004.

**Answer: Defendants admit the allegations contained in Paragraph 4.**

5.      Defendant World Pack is a limited liability company organized and existing under the laws of the State of Nevada, with its principal place of business at 2880 North Lamb Boulevard, Las Vegas, Nevada 89115.

**Answer: Defendants admit the allegations contained in Paragraph 5.**

<u>**JURISDICTION AND VENUE**</u>

6.      The claims for federal trade dress infringement, trade dress dilution, and unfair competition and false designation of origin asserted in Counts I-III *infra*, arise under the Trademark Act of 1946 (as amended), namely, 15 U.S.C. §§ 1051 et seq. Therefore, this Court has subject matter and original jurisdiction over Counts I-III pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338(a).

**Answer: Yeti's allegations in Paragraph 6 are legal conclusion that Defendants are not required to admit or deny, but to the extent any response is required, Defendants admit that the Original Complaint includes an action for federal trade dress infringement, trade dress dilution, and unfair competition and false designation or origin, but deny that the Counts I-III have any merit.**

7.      The claims for patent infringement asserted in Counts IV and V *infra*, arise under the Patent Act, 35 U.S.C. § 1 et seq.

**Answer: Yeti's allegations in Paragraph 7 are legal conclusions that Defendants are not required to admit or deny, but to the extent any response is required, Defendant states that Counts IV and V of the Original Complaint appear to arise under the Patent Act, 35 U.S.C. § 1 *et seq*., but deny that such Counts IV-V have any merit.**

8.      The state law claim for trade dress dilution asserted in Count VI *infra*, arises under the Texas Business and Commerce Code, namely, TEX. BUS. & COM. CODE § 16.103, and is so related to the federal claims asserted in Counts I-III *infra*, that they form part of the same case or controversy. Therefore, this Court has subject matter jurisdiction over Count VI pursuant to 28 U.S.C. § 1367(a).

**Answer: Yeti's allegations in Paragraph 8 are legal conclusions that Defendants are not required to admit or deny, but to the extent any response is required, Defendants state that they lack sufficient information or knowledge to form a belief as to the allegations in Paragraph 8 and, on that basis, deny them.  Furthermore, Defendants deny that such Count VI has any merit.**

9.      The claims for common law trade dress infringement, unfair competition, misappropriation, and unjust enrichment in Counts VII-X *infra*, arise under the common law of the State of Texas, and are so related to the federal claims asserted in Counts I-III *infra*, that they form part of the same case or controversy. Therefore, this Court has subject matter jurisdiction over Counts VII-X pursuant to 28 U.S.C. §§ 1338(b) and 1367(a).

**Answer: Yeti's allegations in Paragraph 9 are legal conclusions that Defendants are not required to admit or deny, but to the extent any response is required, Defendants state that they lack sufficient information or knowledge to form a belief as to the allegations in**

Paragraph 9 and, on that basis, deny them.  Furthermore, Defendants deny that such Counts VII-X have any merit.

10.     In the alternative, this Court has subject matter and original jurisdiction over all Counts asserted herein, pursuant to 28 U.S.C. § 1332(a), because complete diversity of citizenship exists between YETI and Defendants,  and  the  amount  in  controversy exceeds $75,000, exclusive of interest and costs.

**Answer: Yeti's allegations in Paragraph 10 are legal conclusions that Defendants are not required to admit or deny, but to the extent any response is required, Defendants state that they lack sufficient information or knowledge to form a belief as to the allegations in Paragraph 10 and, on that basis, deny them.**

11.     This Court has personal jurisdiction over Defendants, pursuant to § 302(a)(1) of the Texas Business and Commerce Code, because Defendants solicit business within the State of Texas (including this judicial district), including, but not limited to, the use, advertising, marketing, promoting, distribution, offering for sale, and/or sale of products in Texas that infringe YETI's famous YETI Rambler Trade Dress and infringe YETI's patents.

**Answer: Yeti's allegations in Paragraph 11 are legal conclusions that Defendants are not required to admit or deny, but to the extent any response is required, Defendants admit that they are subject to personal jurisdiction in this Court and deny all remaining allegations in Paragraph 11.**

12.     Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(b) and (c), because the claims alleged in the Complaint arose, in part, in this District, YETI's principal place of business exists in this District, and because this Court has personal jurisdiction over Defendants in this District.

**Answer: Yeti's allegations in Paragraph 12 are legal conclusions that Defendants are not required to admit or deny, but to the extent any response is required, Defendants deny that venue in this Court is proper.**

## BACKGROUND

I.     **YETI's Business and Intellectual Property**

   a.  **YETI's Business**

13.    Founded in 2006, YETI is an industry leader in the insulated drinkware marketplace.

**Answer: Defendants lack sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 13 and, on that basis, deny them.**

14.    YETI's insulated drinkware products are highly regarded and well-received by consumers in the United States for their excellent craftsmanship, high-quality, and signature style.

**Answer: Defendants lack sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 14 and, on that basis, deny them.**

15.    As a result of its products' quality and unique designs, YETI's insulated drinkware products have achieved extraordinary success in brand recognition and market penetration. In fact, unsolicited national media often refer to YETI's insulated drinkware products as "must have" products, and the company's insulated drinkware products are among the "nation's fastest growing products for outdoor enthusiasts."

**Answer: Defendants lack sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 15 and, on that basis, deny them.**

   b.  **YETI's Trade Dress**

16.    For several years, YETI has created, and extensively and continuously used, unique, non-functional designs as source identifiers of its sought after drinkware products, and YETI holds extensive trade dress and other intellectual property rights relating thereto.

**Answer: Defendants lack sufficient information or knowledge to form a belief as to the truth of the allegation in Paragraph 16 and, on that basis, deny them.**

17.    One such design is YETI's highly acclaimed 36 oz. insulated bottle called the "YETI Rambler Bottle."[1]

**Answer: Defendants admit that Paragraph 17 appears to include an exemplary image of the "YETI Rambler Bottle." Defendants deny all other allegations in Paragraph 17.**

18.    YETI has trade dress rights in the overall look and appearance of the YETI Rambler Bottle (the "YETI Rambler Bottle Trade Dress"), including, but not limited to the visual flow of the YETI Rambler Bottle; the curves, tapers, and lines in the YETI Rambler Bottle; the design, style and appearance of these curves, tapers, and lines in the YETI Rambler Bottle; the visual connection and relationship between the curves, tapers, and lines in the YETI Rambler Bottle; the style, design and appearance of design aspects of the YETI Rambler Bottle; the design and appearance of the walls of the YETI Rambler Bottle; the design and appearance of the rim of the YETI Rambler Bottle; the design, appearance, and placement of the taper in the side wall of the YETI Rambler Bottle; the design, appearance, and placement of the style line around the base of the YETI Rambler Bottle; the design, appearance, and placement of the taper in the cap of the YETI Rambler Bottle; the design, appearance, and placement of the handle on the cap of the YETI Rambler Bottle; the design, appearance, and placement of the top plane of the cap of the YETI Rambler Bottle; the design, appearance, and placement of the side walls of the cap of the YETI Rambler Bottle; the color contrast and color combinations of the YETI

---

[1] Exemplary images included in Yeti's Original Complaint are omitted from Defendants' Answer.

Rambler Bottle and the bottle cap on the YETI Rambler Bottle; and the overall look and appearance of the bottle and the bottle with the bottle cap that YETI uses in connection with the YETI Rambler Bottle.

**Answer: Yeti's allegations in Paragraph 18 are legal conclusions that Defendants are not required to admit or deny, but to the extent that any response is required, Defendants deny the allegations contained in Paragraph 18.**

19.     YETI also owns extensive intellectual property rights to YETI's highly acclaimed insulated beverage holder called the "YETI Rambler Colster" (the "YETI Rambler Colster Beverage Holder").

**Answer: Defendants admit that Paragraph 19 appears to include an exemplary image of the "YETI Rambler Colster Beverage Holder." Defendants deny all other allegations in Paragraph 19.**

20.     YETI has trade dress rights in the overall look and appearance of the YETI Rambler Colster Beverage Holder (the "YETI Rambler Colster Trade Dress"), including, but not limited to the visual flow of the YETI Rambler Colster beverage holder; the curves, tapers, and lines in the YETI Rambler Colster Beverage Holder; the design, style and appearance of these curves, tapers, and lines in the YETI Rambler Colster Beverage Holder; the visual connection and relationship between the curves, tapers, and lines in the YETI Rambler Colster beverage holder; the style, design and appearance of design aspects of the YETI Rambler Colster Beverage Holder; the design and appearance of the walls of the YETI Rambler Colster Beverage Holder; the design and appearance of the rim of the YETI Rambler Colster Beverage Holder; the design and appearance of the gasket of the YETI Rambler Colster Beverage Holder; the design, appearance, and placement of the top plane of the gasket of the YETI Rambler Colster Beverage

Holder; the design, appearance, and placement of the side walls of the container and the side walls of the gasket of the YETI Rambler Colster Beverage Holder; the design, appearance, and placement of the style line around the base of the YETI Rambler Colster Beverage Holder; the design and appearance of the bottom of the YETI Rambler Colster Beverage Holder; the color contrast and color combinations of the container of the YETI Rambler Colster Beverage Holder and the gasket of the YETI Rambler Colster Beverage Holder; and the overall look and appearance of the container and the container with the gasket that YETI uses in connection with the YETI Rambler Colster Beverage Holder.

**Answer: Yeti's allegations in Paragraph 20 are legal conclusions that Defendants are not required to admit or deny, but to the extent that any response is required, Defendants deny the allegations contained in Paragraph 20.**

21.     The YETI Rambler Colster Beverage Holder and the YETI Rambler Bottle shall hereinafter be collectively referred to as "YETI's Rambler Products," and their trade dress shall hereinafter be referred to collectively as "YETI Rambler Trade Dress."

**Answer: Defendants neither admit nor deny the allegations in Paragraph 21 because there is no allegation of fact directed at any party and thus no response is required.**

22.     The YETI Rambler Trade Dress is non-functional.

**Answer: Defendants deny the allegations contained in Paragraph 22.**

23.     YETI has invested substantial effort and resources into developing and promoting its YETI Rambler Products and YETI Rambler Trade Dress.

**Answer: Defendants lack sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 23 and, on that basis, deny them.**

24.     Through YETI's consistent and extensive use of the YETI Rambler Trade Dress, these designs have become well-known indicators of the origin and quality of the YETI Rambler Products.

**Answer: Defendants lack sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 24 and, on that basis, deny them.**

25.     YETI has enjoyed significant sales of the YETI Rambler Products throughout the United States, including sales to customers in the State of Texas.

**Answer: Defendants lack sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 25 and, on that basis, deny them.**

26.     The strength and recognition of the YETI Rambler Trade Dress is evident from the considerable amount of unsolicited media attention acknowledging YETI's prominent use of such non-traditional designs, with unsolicited media often referring to the YETI Rambler Products as some of the most sought after gifts. True and correct copies of examples of such unsolicited media attention are attached hereto **as Exhibit "A."**

**Answer: Defendants admit that Exhibit A to the Original Complaint appears to include exemplary copies of media attention received by Yeti. Defendants deny all other allegations contained in Paragraph 26.**

27.     As a result of these efforts, YETI has achieved valuable goodwill and secondary meaning in its YETI Rambler Trade Dress.

**Answer: Defendants lack sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 27 and, on that basis, deny them.**

28.     Further, as a direct result of the considerable time, effort, money, advertising and promotion of its YETI Rambler Trade Dress, the trade dress has become well known, distinctive and famous.

**Answer: Defendants lack sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 28 and, on that basis, deny them.**

29.     Consequently, the YETI Rambler Trade Dress represents a valuable asset for YETI.

**Answer: Defendants lack sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 29 and, on that basis, deny them.**

**c.   YETI's Design Patents**

30.     The United States Patent and Trademark Office has acknowledged the novel, innovative and unique design relating to the YETI Colster Beverage Holder, awarding U.S. Des. Patent No. D752397 S (the "'397 Patent") to YETI. A true and correct copy of the patent is attached as Exhibit "B."

**Answer: Defendants admit that Exhibit B to the Original Complaint appears to be a copy of United States Patent No. D752397 S entitled "Beverage Holder," which is a written document that speaks for itself and Defendants deny any allegations in Paragraph 30 inconsistent therewith.**

31.     An exemplary view of the claimed design of the '397 Patent is displayed below:

**Answer: Defendants neither admit nor deny the allegations in Paragraph 31 because there is no allegation of fact directed at any party and thus no response is required. To the extent that any response is required, Defendants admit that Paragraph 31 appears to include an exemplary image of the claimed design of the '397 Patent.**

32.     The '397 Patent serves as prima facie proof that the patented design is novel and non-obvious.

**Answer: Yeti's allegations in Paragraph 32 are legal conclusions that Defendants are not required to admit or deny, but to the extent that any response is required, Defendants admit that Exhibit B to the Original Complaint appears to be a copy of United States Patent No. D752397 S entitled "Beverage Holder," which is a written document that speaks for itself and Defendants deny any allegations inconsistent therewith.**

33.     The United States Patent and Trademark Office has also acknowledged the novel, innovative and unique design relating to the cap of the YETI Rambler Bottle, awarding U.S. Des. Patent No. D760586 S (the "'586 Patent") to YETI. A true and correct copy of the patent is attached as Exhibit "C.

**Answer: Defendants admit that Exhibit C to the Original Complaint appears to be a copy of United States patent Number D760586 S entitled "Lid," which is a written document that speaks for itself and Defendants deny any allegations in Paragraph 33 inconsistent therewith.**

34.     An exemplary view of the claimed design of the '586 Patent is displayed below:

**Answer: Defendants neither admit nor deny the allegations in Paragraph 34 because there is no allegation of fact directed at any party and thus no response is required. To the extent that any response is required, Defendants admit that Paragraph 34 appears to include an exemplary image of the claimed design of the '586 Patent.**

35.     The '586 Patent serves as prima facie proof that the patented design is novel and non-obvious.

**Answer: Yeti's allegations in Paragraph 35 are legal conclusions that Defendants are not required to admit or deny, but to the extent that any response is required, Defendants admit that Exhibit C to the Original Complaint appears to be a copy of United States Patent No. D760586 S entitled "Lid," which is a written document that speaks for itself and Defendants deny any allegations inconsistent therewith.**

36.     The '397 Patent and '586 Patent are hereinafter collectively referred to as the "YETI Rambler Patents."

**Answer: Defendants neither admit nor deny the allegations in Paragraph 36 because there is no allegation of fact directed at any party and thus no response is required.**

**II.     Defendants and their Infringing Activities**

**a.  Defendants' Business**

37.     Ontel and co-Defendant World Pack USA are known "knock-off artists."

**Answer: Defendants deny the allegations contained in Paragraph 37.**

38.     As alleged in several other lawsuits against Defendants, Ontel's and World Pack's business model is to identify popular products sold by others, and then use inexpensive overseas manufacturing and inferior quality materials to manufacture low-priced knock-offs bearing identical or confusingly similar trademarks and trade dress, and other violations of brand owners' intellectual property rights.

**Answer: Defendants deny the allegations contained in Paragraph 38.**

39.     Defendants have an established history of violating the intellectual property rights of others, all while Defendants manufacture, import, sell, and advertise their inferior products to the unsuspecting public.

**Answer: Defendants deny the allegations contained in Paragraph 39.**

**b. Defendants' Infringement of the YETI Rambler Trade Dress and the YETI Patents**

40.    With full knowledge of YETI's ownership and use of the YETI Rambler Trade Dress, Defendants copied and used elements of the YETI Rambler Trade Dress on and in connection with their insulated drinkware products.

**Answer: Defendants deny the allegations contained in Paragraph 40.**

41.    Defendant Ontel primarily sells its knock-off YETI products on its website, <https://www.buyrockymountain.com>.

**Answer: Defendants admit that Defendant Ontel is the registrant of the domain name *buyrockymountain.com*. Defendants deny the other allegations contained in Paragraph 41.**

42.    Among them are offers to purchase an insulated beverage holder called the "Coozie" (the "Rocky Mountain Coozie") and a Rocky Mountain "steel drinking bottle" (the "Rocky Mountain Bottle"). A true and correct copy of Defendants' website offering these products for sale is attached hereto as **Exhibit "D."**

**Answer: Defendants admit that Exhibit D appears to be an image of a steel drinking bottle and a coozie offered for sale on the website, <https://www.buyrockeymountain.com>. Exhibit D is a written document that speaks for itself and Defendants deny any allegations inconsistent therewith.**

43.    As shown by the comparison below, the Rocky Mountain Coozie bears an identical design to the YETI Rambler Colster Beverage Holder:

**Answer: Defendants deny the allegations contained in Paragraph 43.**

44.    The Rocky Mountain Coozie also resembles the designs embodied in the article of manufacture claimed in the '397 Patent (i.e., a beverage holder design) such that an ordinary observer would regard them as substantially the same (see above).

**Answer: Defendants deny the allegations contained in Paragraph 44.**

45.    Not surprisingly, as shown below, the Rocky Mountain Bottle also bears an identical design to the YETI Rambler Bottle:

**Answer: Defendants deny the allegations contained in Paragraph 45.**

46.    The Rocky Mountain Bottle also resembles the designs embodied in the article of manufacture claimed in the '586 Patent (i.e.,, a cap design) such that an ordinary observer would regard them as substantially the same (see above).

**Answer: Defendants deny the allegations contained in Paragraph 46.**

47.    The Rocky Mountain Coozie and the Rocky Mountain Bottle are hereinafter collectively referred to as the "Infringing Products."

**Answer: Defendants neither admit nor deny the allegations in Paragraph 47 because there is no allegation of fact directed at any party and thus no response is required.**

48.    World Pack processes, fulfills, and/or administers orders for the Infringing Products placed through the <www.buyrockymountain.com> website and through the toll-free phone number(s) displayed in internet and television advertising.

**Answer: Defendants admit that Defendant World Pack processes, fulfills, and/or administers orders placed through the <www.buyrockymountain.com> website and through the toll-free phone number(s) displayed in internet and television advertising. Defendants deny all other allegations contained in Paragraph 48.**

49.    World Pack sells the Infringing Products to customers located throughout the United States and its territories, including Texas.

**Answer: Defendants deny the allegations contained in Paragraph 49.**

50.     Additionally, the <www.buyrockymountain.com> website instructs customers to email "turboscrubcs@worldpackusa.com" for customer service, and World Pack's website further provides fulfillment and shipping information via the                    webpage <http://ontel.worldpackusaorderstatus.com>. Both the email address and the webpage are owned and administered by World Pack.

**Answer: Defendants deny the allegations contained in Paragraph 50.**

51.     The foregoing acts have occurred in interstate commerce and in a manner affecting interstate commerce.

**Answer: Defendants lack sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 51 and, on that basis, deny them.**

52.     Defendants engage in substantial activity in Texas and this District. Examples of Defendants' activity include the fact that Defendants offer the Infringing Products for sale in Texas (including this District) through their website and otherwise.

**Answer: Defendants deny the allegations contained in Paragraph 52.**

53.     Defendants have relied, and will continue to rely, on YETI's existing goodwill, consumer recognition, and marketing, promotion, and advertising of the YETI Rambler Products so that Defendants can enhance the sales of their Infringing Products.

**Answer: Defendants deny the allegations contained in Paragraph 53.**

54.     YETI has not authorized, licensed or otherwise condoned or consented in any way to Defendants' use of the YETI Rambler Trade Dress or the claimed designs of the YETI Rambler Patents.

**Answer: Defendants deny the allegations contained in Paragraph 54.**

55.     YETI has no control over the nature, quality or pricing of the goods provided by Defendants using the YETI Rambler Trade Dress.

**Answer: Defendants deny the allegations contained in Paragraph 55.**

56.     The YETI Rambler Trade Dress has acquired secondary meaning among the relevant consuming public, and has become well known, distinctive, and famous before Defendants' sale of the Infringing Products commenced.

**Answer: Defendants deny the allegations contained in Paragraph 56.**

57.     Defendants' use of the YETI Rambler Trade Dress is likely to dilute the distinctive qualities of the famous YETI Rambler Trade Dress, to decrease the capacity of the trade dress to identify and distinguish YETI's products, and to cause harm to YETI's business reputation.

**Answer: Defendants deny the allegations contained in Paragraph 57.**

58.     Defendants' use of the YETI Rambler Trade Dress in connection with competing insulated drinkware products is likely to cause consumer confusion as to the source or affiliation of those products.

**Answer: Defendants deny the allegations contained in Paragraph 58.**

59.     Defendants' conduct complained of herein has been done and is done with the intent to cause confusion, mistake or deception as to the source or affiliation of the parties' respective products.

**Answer: Defendants deny the allegations contained in Paragraph 59.**

60.     Defendants have misappropriated YETI's substantial property rights in the YETI Rambler Trade Dress, as well as the substantial goodwill associated therewith. Unless restrained and enjoined by this Court, such conduct will permit Defendants to gain an unfair competitive

advantage over YETI, permit Defendants to enjoy the public interest in and marketing power of the YETI Rambler Trade Dress, and cause substantial harm to unsuspecting consumers who are likely to purchase Defendants' inferior products, believing the Infringing Products originate from or associated with YETI.

**Answer: Defendants deny the allegations contained in Paragraph 60.**

61.     Further, if Defendants are permitted to continue using, promoting, marketing, advertising, distributing and selling insulated drinkware products using the YETI Rambler Trade Dress, their actions will continue to cause irreparable injury to YETI, to the distinctiveness of the YETI Rambler Trade Dress, and to the goodwill and business reputation associated with the YETI Rambler Trade Dress.

**Answer: Defendants deny the allegations contained in Paragraph 61.**

## COUNT I

(Federal Trade Dress Infringement Under 15 U.S.C. § 1125(a))

62.     YETI repeats and re-alleges paragraphs 1 through 61 of the Complaint as though set forth fully herein.

**Answer: Defendants hereby repeat and incorporate by reference their Answers to the allegations contained in Paragraphs 1 through 61 of the Original Complaint as though fully set forth herein.**

63.     The YETI Rambler Trade Dress is non-functional.

**Answer: Defendants deny the allegations contained in Paragraph 63.**

64.     The YETI Rambler Trade Dress is unique and distinctive as to the source of the YETI Rambler Products and has acquired secondary meaning because consumers associate

YETI as the source of goods provided under the YETI Rambler Trade Dress. The YETI Rambler Trade Dress is entitled to protection under both federal and common law.

**Answer: Defendants deny the allegations contained in Paragraph 64.**

65.     Defendants' use in commerce of the YETI Rambler Trade Dress to advertise, market, promote, distribute, offer for sale, and/or sell Defendants' products (including, but not limited to, the Infringing Products), without YETI's consent, is likely to cause confusion, cause mistake, and/or deceive consumers into mistakenly believing that Defendants are YETI, or are licensees, authorized distributors, or affiliates of YETI, or that Defendants, their activities, and/or their products, are authorized, endorsed, sponsored, or approved by YETI, or vice versa.

**Answer: Defendants deny the allegations contained in Paragraph 65.**

66.     Defendants have made, and will continue to make, substantial profits and gain from their unauthorized use of the YETI Rambler Trade Dress to which they are not entitled in law or equity.

**Answer: Defendants deny the allegations contained in Paragraph 65.**

67.     The acts of Defendants alleged in paragraphs 1 through 66 above were intentional, willful, with bad faith, and were committed with the intention of deceiving and misleading the public and causing harm to YETI, and made with the full knowledge of YETI's trade dress  rights.

**Answer: Defendants deny the allegations contained in Paragraph 67.**

68.     Defendants' acts and conduct complained of herein constitute federal trade dress infringement in violation of 15 U.S.C. § 1125(a).

**Answer: Defendants deny the allegations contained in Paragraph 68.**

69.     YETI has suffered, and will continue to suffer, irreparable harm from Defendants' unauthorized use of the YETI Rambler Trade Dress unless restrained by law.

**Answer: Defendants deny the allegations contained in Paragraph 69.**

70.     As a direct and proximate result of Defendants' infringing and unlawful acts, YETI has suffered and will continue to suffer damages in an amount that is not presently ascertainable, but will be established at trial, and, at minimum, exceeds $75,000, exclusive of interest and costs.

**Answer: Defendants deny the allegations contained in Paragraph 70.**

## COUNT II

(Federal Unfair Competition and False Designation of Origin Under 15 U.S.C. § 1125(a))

71.     YETI repeats and re-alleges paragraphs 1 through 70 of the Complaint as though set forth fully herein.

**Answer: Defendants hereby repeat and incorporate by reference their Answers to the allegations contained in Paragraph 1 through 70 of the Original Complaint as though fully set forth herein.**

72.     The YETI Rambler Trade Dress is non-functional, and unique and distinctive as to the source of the YETI Rambler Products, and has acquired secondary meaning, because consumers associate YETI as the source of goods provided under the YETI Rambler Trade Dress. The YETI Rambler Trade Dress is entitled to protection under both federal and common law.

**Answer: Defendants deny the allegations contained in Paragraph 72.**

73.     Defendants' acts and conduct as described herein are likely to cause confusion, cause mistake, and/or deceive the public into mistakenly believing that the Infringing Products

are either YETI Rambler Products or that the Infringing Products originate from or are somehow connected to or associated with YETI and/or YETI's famous YETI Rambler Trade Dress, such as being sold or sponsored by the same party. Such acts constitute unfair competition, at least because Defendants have obtained an unfair advantage as compared to YETI, through their use of the YETI Rambler Trade Dress to falsely designate the origin, affiliation or sponsorship of Defendants and the Infringing Products.

**Answer: Defendants deny the allegations contained in Paragraph 73.**

74.    The acts of Defendants alleged in paragraphs 1 through 73 above were intentional, willful, with bad faith, and were committed with the intention of deceiving and misleading the public and causing harm to YETI, and made with the full knowledge of YETI's intellectual property rights.

**Answer: Defendants deny the allegations contained in Paragraph 74.**

75.    Defendants have made, and will continue to make, substantial profits and gain from their use of the YETI Rambler Trade Dress in the United States, to which they are not entitled in law or equity.

**Answer: Defendants deny the allegations contained in Paragraph 75.**

76.    Upon information and belief, Defendants' acts and conduct complained of herein constitute unfair competition and false designation of origin in violation of 15 U.S.C. § 1125(a).

**Answer: Defendants deny the allegations contained in Paragraph 76.**

77.    YETI has suffered, and will continue to suffer, irreparable harm as a direct and proximate cause of Defendants' unfair competition and false designation, including, but not limited to, the diversion of sales from YETI to Defendants, and/or a lessening of the goodwill associated with the YETI Rambler Trade Dress.

**Answer: Defendants deny the allegations contained in Paragraph 77.**

78. As a direct and proximate result of Defendants' infringing and unlawful acts, YETI has suffered and will continue to suffer damages in an amount that is not presently ascertainable, but will be established at trial, and, at minimum, exceeds $75,000, exclusive of interest and costs.

**Answer: Defendants deny the allegations contained in Paragraph 78.**

<u>**COUNT III**</u>

(Federal Trade Dress Dilution Under 15 U.S.C. § 1125(c))

79. YETI repeats and re-alleges paragraphs 1 through 78 of the Complaint as though set forth fully herein.

**Answer: Defendants repeat and incorporate by reference their answers to the allegations contained in Paragraphs 1 through 78 of the Original Complaint as though fully set forth herein.**

80. The YETI Rambler Trade Dress is non-functional, and unique and distinctive as to the source of the YETI Rambler Products, and has acquired secondary meaning, because consumers associate YETI as the source of goods provided under the YETI Rambler Trade Dress. The YETI Rambler Trade Dress is entitled to protection under both federal and common law.

**Answer: Defendants deny the allegations contained in Paragraph 80.**

81. The YETI Rambler Trade Dress is widely recognized by the general public and has acquired fame throughout the United States, entitling it to protection from dilution.

**Answer: Defendants deny the allegations contained in Paragraph 81.**

82.     Defendants' use of the YETI Rambler Trade Dress began after the YETI Rambler Trade Dress became distinctive and famous.

**Answer: Defendants deny the allegations contained in Paragraph 82.**

83.     Defendants' use of the YETI Rambler Trade Dress without authorization from YETI, and is likely to dilute the distinctive quality of the YETI Rambler Trade Dress, to decrease the capacity of that trade dress to identify and distinguish YETI's Rambler Products, and to cause harm to YETI's business reputation.

**Answer: Defendants deny the allegations contained in Paragraph 83.**

84.     The acts of Defendants alleged in paragraphs 1 through 83 above were intentional, willful, with bad faith, and with the intention of deceiving and misleading the public and causing harm to YETI, and made with the full knowledge of YETI's trade dress rights.

**Answer: Defendants deny the allegations contained in Paragraph 84.**

85.     Defendants' acts and conduct complained of herein constitute trade dress dilution in violation of Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c).

**Answer: Defendants deny the allegations contained in Paragraph 85.**

86.     Unless enjoined by this Court, the acts of Defendants complained of herein will cause YETI to suffer irreparable harm for which there is no adequate remedy at law.

**Answer: Defendants deny the allegations contained in Paragraph 86.**

87.     As a direct and proximate result of Defendants' infringing and unlawful acts, YETI has suffered and will continue to suffer damages in an amount that is not presently ascertainable, but will be established at trial, and, at minimum, exceeds $75,000, exclusive of interest and costs.

**Answer: Defendants deny the allegations contained in Paragraph 87.**

## COUNT IV

(Patent Infringement of U.S. Des. Patent No. D752397 S Under 35 U.S.C. § 271)

88.     YETI repeats and re-alleges paragraphs 1 through 87 of the Complaint as though set forth fully herein.

**Answer: Defendants repeat and incorporate by reference their answers to the allegations contained in Paragraphs 1 through 87 of the Original Complaint as though fully set forth herein.**

89.     YETI owns all rights, title, and interest in and to the '397 Patent.

**Answer: Defendants lack sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 89 and, on that basis, deny them.**

90.     Defendants have infringed, and continue to infringe, the '397 Patent in this judicial district and elsewhere by manufacturing, importing, using, selling and/or offering for sale in the United States, and/or inducing others to make, use, sell and/or offer for sale, insulated beverage holders embodying the ornamental design shown and claimed in the '397 Patent. Compare Exhibit B, in particular Figure 1 of the '397 Patent, with Exhibit D, containing an image of the Rocky Mountain Coozie.

**Answer: Defendants deny the allegations contained in Paragraph 90.**

91.     Defendants' Rocky Mountain Coozie so resembles the article in the '397 Patent that an ordinary observer would regard the two as substantially the same.

**Answer: Defendants deny the allegations contained in Paragraph 91.**

92.     Defendants' Rocky Mountain Coozie appropriates the points of novelty of the article of the beverage holder claimed in the '397 Patent.

**Answer: Defendants deny the allegations contained in Paragraph 92.**

93.     Defendants' use of the ornamental design shown and claimed in the '397 Patent is without authorization from YETI.

**Answer: Defendants deny the allegations contained in Paragraph 93.**

94.     The acts of Defendants alleged in paragraphs 1 through 93 above were intentional, willful, with bad faith, and with the intention of profiting from YETI's innovative designs and deceiving and misleading the public and causing harm to YETI, and made with the full knowledge of YETI's ownership of the '397 Patent.

**Answer: Defendants deny the allegations contained in Paragraph 94.**

95.     Defendants made, and will continue to make, substantial profits and gain from their unauthorized use of the ornamental design shown and claimed in the '397 Patent to which they are not entitled in law or equity.

**Answer: Defendants deny the allegations contained in Paragraph 95.**

96.     Defendants' acts and conduct complained of herein constitute patent infringement in violation 35 U.S.C. §§ 281, 284, 285 and 289.

**Answer: Defendants deny the allegations contained in Paragraph 96.**

97.     Unless enjoined by this Court, the acts of Defendants complained of herein will cause YETI to suffer irreparable harm for which there is no adequate remedy at law.

**Answer: Defendants deny the allegations contained in Paragraph 97.**

98.     As a direct and proximate result of Defendants' infringing and unlawful acts, YETI has suffered and will continue to suffer damages in an amount that is not presently ascertainable, but will be established at trial, and, at minimum, exceeds $75,000, exclusive of interest and costs.

**Answer: Defendants deny the allegations contained in Paragraph 98.**

## COUNT V

(Patent Infringement of U.S. Des. Patent No. D760586 S Under 35 U.S.C. § 271)

99.     YETI repeats and re-alleges paragraphs 1 through 98 of the Complaint as though set forth fully herein.

**Answer: Defendants repeat and incorporate by reference their answers to the allegations contained in Paragraphs 1 through 98 of the Original Complaint as though fully set forth herein.**

100.     YETI owns all rights, title, and interest in and to the '586 Patent.

**Answer: Defendants lack sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 100 and, on that basis, deny them.**

101.     Defendants have infringed, and continue to infringe, the '586 Patent in this judicial district and elsewhere by manufacturing, importing, using, selling and/or offering for sale in the United States, and/or inducing others to make, use, sell and/or offer for sale, caps for insulated beverage containers embodying the ornamental design shown and claimed in the '586 Patent. Compare Exhibit C, in particular Figure 2 of the '586 patent, with Exhibit D, containing an image of the Rocky Mountain Bottle with its cap.

**Answer: Defendants deny the allegations contained in Paragraph 101.**

102.     The cap to Defendants' Rocky Mountain Bottle so resembles the article in the '586 Patent that an ordinary observer would regard the two as substantially the same.

**Answer: Defendants deny the allegations contained in Paragraph 102.**

103.     The cap to Defendants' Rocky Mountain Bottle appropriates the points of novelty of the beverage container claimed in the '586 Patent.

**Answer: Defendants deny the allegations contained in Paragraph 103.**

104.    Defendants' use of the ornamental design shown and claimed in the '586 Patent is without authorization from YETI.

**Answer: Defendants deny the allegations contained in Paragraph 104.**

105.    The acts of Defendants alleged in paragraphs 1 through 104 above were intentional, willful, with bad faith, and with the intention of profiting from YETI's innovative designs and deceiving and misleading the public and causing harm to YETI, and made with the full knowledge of YETI's ownership of the '586 Patent.

**Answer: Defendants deny the allegations contained in Paragraph 105.**

106.    Defendants made, and will continue to make, substantial profits and gain from their unauthorized use of the ornamental design shown and claimed in the '586 Patent to which they are not entitled in law or equity.

**Answer: Defendants deny the allegations contained in Paragraph 106.**

107.    Defendants' acts and conduct complained of herein constitute patent infringement in violation of 35 U.S.C. §§ 281, 284, 285 and 289.

**Answer: Defendants deny the allegations contained in Paragraph 107.**

108.    Unless enjoined by this Court, the acts of Defendants complained of herein will cause YETI to suffer irreparable harm for which there is no adequate remedy at law.

**Answer: Defendants deny the allegations contained in Paragraph 108.**

109.    As a direct and proximate result of Defendants' infringing and unlawful acts, YETI has suffered and will continue to suffer damages in an amount that is not presently ascertainable, but will be established at trial, and, at minimum, exceeds $75,000, exclusive of interest and costs.

**Answer: Defendants deny the allegations contained in 109.**

## COUNT VI

(Trade Dress Dilution Under TEX. BUS. & COM. CODE § 16.103)

110.    YETI repeats and re-alleges paragraphs 1 through 109 of the Complaint as though set forth fully herein.

**Answer: Defendants repeat and incorporate by reference their answers to the allegations contained in Paragraphs 1 through 109 of the Original Complaint as though fully set forth herein.**

111.    The YETI Rambler Trade Dress is non-functional.

**Answer: Defendants deny the allegations contained in Paragraph 111.**

112.    The YETI Rambler Trade Dress is unique and distinctive as to the source of the YETI Rambler Products, and has acquired secondary meaning because consumers associate YETI as the source of goods provided under the YETI Rambler Trade Dress.

**Answer: Defendants deny the allegations contained in Paragraph 112.**

113.    Through prominent, long, and continuous use in commerce, including commerce within the State of Texas, the YETI Rambler Trade Dress has become and continues to be famous and distinctive throughout the State of Texas and in geographic areas in Texas.

**Answer: Defendants deny the allegations contained in Paragraph 113.**

114.    Defendants' use of the YETI Rambler Trade Dress began after the YETI Rambler Trade Dress became distinctive and famous.

**Answer: Defendants deny the allegations contained in Paragraph 114.**

115.    Defendants' use of the YETI Rambler Trade Dress without authorization from YETI, is likely to dilute the distinctive quality of the YETI Rambler Trade Dress, to decrease the

capacity of that mark to identify and distinguish YETI's products, and to cause harm to YETI's business reputation.

**Answer: Defendants deny the allegations contained in Paragraph 115.**

116.     The acts of Defendants alleged in paragraphs 1 through 116 above were intentional, willful, with bad faith, and with the intention of deceiving and misleading the public and causing harm to YETI. Defendants' bad faith is evidenced at least by the similarity of the Infringing Products to the YETI Rambler Trade Dress, and by Defendants' continuing disregard for YETI's intellectual property rights.

**Answer: Defendants deny the allegation contained in Paragraph 116.**

117.     The aforesaid acts of Defendants constitute trade dress dilution in violation of the Texas Anti-Dilution Statute, TEX. BUS. & COM. CODE § 16.103.

**Answer: Defendants deny the allegations contained in Paragraph 117.**

118.     Unless enjoined by this Court, the acts of Defendants complained of herein will cause YETI to suffer irreparable harm for which there is no adequate remedy at law.

**Answer: Defendants deny the allegations contained in Paragraph 118.**

119.     As a direct and proximate result of Defendants' infringing and unlawful acts, YETI has suffered and will continue to suffer damages in an amount that is not presently ascertainable, but will be established at trial. YETI is entitled to injunctive relief, and YETI is also entitled to recover at least Defendants' profits, actual damages, enhanced profits and damages, and reasonable attorney fees under at least TEX. BUS.& COM. CODE § 16.104.

**Answer: Defendants deny the allegations contained in Paragraph 119.**

## <u>COUNT VII</u>

(Trade Dress Infringement Under Texas Common Law)

120.     YETI repeats and re-alleges paragraphs 1 through 119 of the Complaint as though set forth fully herein.

**Answer: Defendants repeat and incorporate by reference their answers to the allegations contained in Paragraphs 1 through 119 of the Original Complaint as though fully set forth herein.**

121.     The YETI Rambler Trade Dress is non-functional.

**Answer: Defendants deny the allegations contained in Paragraph 121**

122.     The YETI Rambler Trade Dress is unique and distinctive as to the source of the YETI Rambler Products, and has acquired secondary meaning across the United States, and particularly in the State of Texas, because consumers associate YETI as the source of goods provided under the YETI Rambler Trade Dress.

**Answer: Defendants deny the allegations contained in Paragraph 122.**

123.     YETI's use of the YETI Rambler Trade Dress predates any alleged use by Defendants in the United States or in the State of Texas.

**Answer: Defendants deny the allegations contained in Paragraph 123.**

124.     Defendants' use in commerce of the YETI Rambler Trade Dress to advertise, market, promote, distribute, offer for sale, and/or sell Defendants' Infringing Products without YETI's consent is likely to cause confusion, cause mistake, and/or deceive consumers into mistakenly believing that Defendants are YETI, or are licensees, authorized distributors, or affiliates of YETI, or that Defendants, their activities, and/or their Infringing Products are authorized, endorsed, sponsored, or approved by YETI, or vice versa.

**Answer: Defendants deny the allegations contained in Paragraph 124.**

125.   Defendants used, and presently use, the YETI Rambler Trade Dress in the State of Texas, without YETI's authorization in furtherance of its willful, deliberate, and bad faith scheme to trade upon the extensive consumer goodwill and recognition YETI has established in the YETI Rambler Trade Dress.

**Answer: Defendants deny the allegations contained in Paragraph 125.**

126.   Defendants made, and will continue to make, substantial profits and gain from their unauthorized use of the YETI Rambler Trade Dress to which they are not entitled in law or equity.

**Answer: Defendants deny the allegations contained in Paragraph 126.**

127.   The acts of Defendants alleged in paragraphs 1 through 126 above were intentional, willful, with bad faith, and with the intention of deceiving and misleading the public and causing harm to YETI. Defendants' bad faith is evidenced at least by the similarity of the Infringing Products to the YETI Rambler Trade Dress, and by Defendants' continuing disregard for YETI's intellectual property rights.

**Answer: Defendants deny the allegations contained in Paragraph 127.**

128.   Upon information and belief, Defendants' acts and conduct complained of herein constitute trade dress infringement in violation of the common law of the State of Texas.

**Answer: Defendants deny the allegations contained in Paragraph 128.**

129.   Unless enjoined by this Court, the acts of Defendants complained of herein will cause YETI to suffer irreparable harm for which there is no adequate remedy at law.

**Answer: Defendants deny the allegations contained in Paragraph 129.**

130.    As a direct and proximate result of Defendants' infringing and unlawful acts, YETI has suffered and will continue to suffer damages in an amount that is not presently ascertainable, but will be established at trial.

**Answer: Defendants deny the allegations contained in Paragraph 130.**

## COUNT VIII

(Unfair Competition Under Texas Common Law)

131.    YETI repeats and re-alleges paragraphs 1 through 130 of the Complaint as though set forth fully herein.

**Answer: Defendants repeat and incorporate by reference their answers to the allegations contained in Paragraphs 1 through 130 of the Original Complaint as though fully set forth herein.**

132.    The YETI Rambler Trade Dress is non-functional, and unique and distinctive as to the source of the YETI Rambler Products, and has acquired secondary meaning across the United States, and particularly in the State of Texas, because consumers associate YETI as the source of goods provided under the YETI Rambler Trade Dress.

**Answer: Defendants deny the allegations contained in Paragraph 132.**

133.    YETI created the YETI Rambler Trade Dress through extensive time, labor, effort, skill, and money.

**Answer: Defendants deny the allegations contained in Paragraph 133.**

134.    YETI's use of the YETI Rambler Trade Dress predates any alleged use by Defendants in the United States or in the State of Texas.

**Answer: Defendants deny the allegations contained in Paragraph 134.**

135.    Defendants' use in commerce of the YETI Rambler Trade Dress to advertise, market, promote, distribute, offer for sale, and/or sell Defendants' Infringing Products constitutes a false and misleading representation of fact, because Defendants are not affiliated or associated with, endorsed or sponsored by, or otherwise connected to YETI or the famous YETI Rambler Products.

**Answer: Defendants deny the allegations contained in Paragraph 135.**

136.    Defendants' use in commerce of the YETI Rambler Trade Dress to advertise, market, promote, distribute, offer for sale, and/or sell Defendants' Infringing Products is likely to cause confusion, cause mistake, and/or deceive consumers into mistakenly believing that Defendants are YETI, or are licensees, authorized distributors, or affiliates of YETI, or that Defendants, their activities, and/or their Infringing Products are authorized, endorsed, sponsored, or approved by YETI, or vice versa.

**Answer: Defendants deny the allegations contained in Paragraph 136.**

137.    Defendants used, and presently use, the YETI Rambler Trade Dress without YETI's authorization in furtherance of their willful, deliberate, and bad faith scheme to trade upon the extensive consumer goodwill and recognition YETI has established in the YETI Rambler Trade Dress, and sow consumer confusion between the parties' and their products.

**Answer: Defendants deny the allegations contained in Paragraph 137.**

138.    Defendants have made, and will continue to make, substantial profits and gain from their unauthorized use of the YETI Rambler Trade Dress to which they are not entitled in law or equity.

**Answer: Defendants deny the allegations contained in Paragraph 138.**

139.    Defendants' misappropriation of the YETI Rambler Trade Dress has been intentional, willful, and malicious.   Defendants' bad faith is evidenced at least by the   similarity of the Infringing Products to the YETI Rambler Trade Dress, and by Defendants' continuing disregard for YETI's intellectual property rights.

**Answer: Defendants deny the allegations contained in Paragraph 139.**

140.    Upon information and belief, Defendants' acts and conduct complained of herein constitute unfair competition in violation of the common law of the State of Texas.

**Answer: Defendants deny the allegations contained in Paragraph 140.**

141.    As a direct and proximate result of Defendants' infringing and unlawful acts, YETI has suffered and will continue to suffer damages in an amount that is not presently ascertainable, but will be established at trial.

**Answer: Defendants deny the allegations contained in Paragraph 141.**

## <u>COUNT IX</u>

(Misappropriation Under Texas Common Law)

142.    YETI repeats and re-alleges paragraphs 1 through 141 of the Complaint as though set forth fully herein.

**Answer: Defendants repeat and incorporate by reference their answers to the allegations contained in Paragraphs 1 through 141 of the Original Complaint as though fully set forth herein.**

143.    The YETI Rambler Trade Dress is non-functional, and unique and distinctive as to the source of the YETI Rambler Products, and has acquired secondary meaning across the United States, and particularly in the State of Texas, because consumers associate YETI as the source of goods provided under the YETI Rambler Trade Dress.

**Answer: Defendants deny the allegations contained in Paragraph 143.**

144.    YETI created The YETI Rambler Trade Dress through extensive time, labor, effort, skill, and money.

**Answer: Defendants deny the allegations contained in Paragraph 144.**

145.    YETI's use of the YETI Rambler Trade Dress predates any alleged use by Defendants in the United States or in the State of Texas.

**Answer: Defendants deny the allegations contained in Paragraph 145.**

146.    Defendants have wrongfully used the YETI Rambler Trade Dress in competition with YETI and gained an unfair advantage, because Defendants were not burdened with the expenses incurred by YETI.

**Answer: Defendants deny the allegations contained in Paragraph 146.**

147.    Defendants have commercially damaged YETI, at least by causing consumer confusion as to origin and/or sponsorship/affiliation of the infringing products, by creating the false and misleading impression that the Infringing Products are manufactured by, authorized by, or otherwise associated with YETI, and by taking away sales that YETI would have made.

**Answer: Defendants deny the allegations contained in Paragraph 147.**

148.    Defendants' misappropriation of the YETI Rambler Trade Dress has been intentional, willful, and malicious.  Defendants' bad faith is evidenced at least by the similarity of the Infringing Products to the YETI Rambler Trade Dress, and by Defendants' continuing disregard for YETI's intellectual property rights.

**Answer: Defendants deny the allegations contained in Paragraph 148.**

149.    Defendants' acts and conduct complained of herein constitute misappropriation in violation of the common law of the State of Texas.

**Answer: Defendants deny the allegations contained in Paragraph 149.**

150.   Unless enjoined by this Court, the acts of Defendants complained of herein will cause YETI to suffer irreparable harm for which there is no adequate remedy at law.

**Answer: Defendants deny the allegations contained in Paragraph 150.**

151.   As a direct and proximate result of Defendants' infringing and unlawful acts, YETI has suffered and will continue to suffer damages in an amount that is not presently ascertainable, but will be established at trial.

**Answer: Defendants deny the allegations contained in Paragraph 151.**

## COUNT X

### (Unjust Enrichment)

152.   YETI repeats and re-alleges paragraphs 1 through 151 of the Complaint as though set forth fully herein.

**Answer: Defendants repeat and incorporate by reference their answers to the allegations contained in Paragraphs 1 through 151 of the Original Complaint as though fully set forth herein.**

153.   The YETI Rambler Trade Dress is non-functional, and unique and distinctive as to the source of the YETI Rambler Products, and has acquired secondary meaning across the United States, and particularly in the State of Texas, because consumers associate YETI as the source of goods provided under the YETI Rambler Trade Dress.

**Answer: Defendants deny the allegations contained in Paragraph 153.**

154.   YETI created the products covered by the YETI Rambler Trade Dress through extensive time, labor, effort, skill, and money.

**Answer: Defendants deny the allegations contained in Paragraph 154.**

36

155.    Defendants' advertisement, promotion, offers for sale, sales, and/or distribution of the Infringing Products, in direct competition with YETI and the YETI Rambler Products, constitute unjust enrichment, at least because Defendants have wrongfully obtained benefits at YETI's expense.  Defendants have also, inter alia, operated with an undue advantage.

**Answer: Defendants deny the allegations contained in Paragraph 155.**

156.    Defendants have wrongfully used and are wrongfully using the YETI Rambler Trade Dress in competition with YETI, and have gained and are gaining a wrongful benefit by undue advantage through such use. Defendants have not been burdened with the expenses incurred by YETI, yet Defendants are obtaining the resulting benefits for its own business and products.

**Answer: Defendants deny the allegations contained in Paragraph 156.**

157.    Defendants' unjust enrichment at YETI's expense has been intentional, willful, and malicious. Defendants' bad faith is evidenced at least by the similarity of the Infringing Products to the YETI Rambler Trade Dress, and by Defendants' continuing disregard for YETI's intellectual property rights.

**Answer: Defendants deny the allegations contained in Paragraph 157.**

158.    Defendants' acts and conduct complained of herein constitute unjust enrichment.

**Answer: Defendants deny the allegations contained in Paragraph 158.**

159.    Unless enjoined by this Court, the acts of Defendants complained of herein will cause YETI to suffer irreparable harm for which there is no adequate remedy at law.

**Answer: Defendants deny the allegations contained in Paragraph 159.**

160.    As a direct and proximate result of Defendants' infringing and unlawful acts, YETI has suffered and will continue to suffer damages in an amount that is not presently ascertainable, but will be established at trial.

**Answer: Defendants deny the allegations contained in Paragraph 160.**

## PRAYER FOR RELIEF

**WHEREFORE**, based on the foregoing, YETI prays for judgment against Defendants as follows:

A.      A Declaration that Defendants have infringed YETI's YETI Rambler Trade Dress;

B.      A Declaration that Defendants have infringed the YETI Rambler Patents;

C.      An Order, pursuant to 17 U.S.C. § 502, preliminarily and permanently enjoining and restraining Defendants, their subsidiaries, divisions, branches, affiliates, predecessors or successors in business, parents, and wholly-owned or partially-owned entities of the parties, and any entities acting or purporting to act for or on behalf of the foregoing, including any agents, employees, representatives, officers, directors, servants, partners, and those persons in active concert or participation with them, from manufacturing, distributing, licensing, using, copying, reproducing, displaying, adapting, offering for sale, and/or selling any product (including, but not limited to, the Infringing Products) that infringes YETI's YETI Rambler Trade Dress;

D.      An Order permanently enjoining and restraining Defendants, their subsidiaries, divisions, branches, affiliates, predecessors or successors in business, parents, and wholly-owned or partially-owned entities of the parties, and any entities acting or purporting to act for or on behalf of the foregoing, including any agents, employees, representatives, officers, directors, servants, partners, and those persons in active concert or participation with them, from engaging

in any act of unfair competition and trade dress dilution utilizing any trade dress that is identical or confusingly similar to the YETI Rambler Trade Dress;

E.      An Order, pursuant to 15 U.S.C. § 283, preliminarily and permanently enjoining and restraining Defendants, their subsidiaries, divisions, branches, affiliates, predecessors or successors in business, parents, and wholly-owned or partially-owned entities of the parties, and any entities acting or purporting to act for or on behalf of the foregoing, including any agents, employees, representatives, officers, directors, servants, partners, and those persons in active concert or participation with them, from manufacturing, distributing, licensing, using, copying, reproducing, displaying, adapting, offering for sale, and/or selling any product (including, but not limited to, the Infringing Products) that infringes the YETI Rambler Patents;

F.      An Order directing Defendants to remove the YETI Rambler Trade Dress and designs embodying the articles of manufacture claimed by the YETI Rambler Patents , or any colorable imitation(s) thereof, from all of Defendants' products (including, but not limited to, the Infringing Products), as well as from any websites or promotional materials, whether electronic, printed or otherwise, under Defendants' direct or indirect dominion and control;

G.      An Order, pursuant to 15 U.S.C. § 1118, directing the seizure, delivery, and destruction of each good within Defendants' possession, custody, and control that infringes YETI's exclusive rights in and to the YETI Rambler Trade Dress and the YETI Rambler Patents;

H.      An Order directing Defendants, pursuant to 15 U.S.C. § 1116(a), to file with the Court and serve on YETI's counsel within 30 days after service of the injunction, a written report, sworn under oath, setting forth in detail the manner and form in which Defendants have complied with the injunction;

I.      An Order directing an accounting to determine Defendants' profits resulting from their unlawful activities;

J.      An Order awarding YETI compensation for any and all damages, injury or harm pursuant to 15 U.S.C. § 1117, 35 U.S.C. §§ 284 and 289, and Texas law;

K.      An Order directing Defendants to pay, jointly and severally, full restitution and/or disgorgement of all profits, including any lost profits, and benefits that may have been obtained by Defendants as a result of its wrongful conduct pursuant to 15 U.S.C. § 1117 and 35 U.S.C. §§ 284 and 289;

L.      An Order awarding YETI treble damages resulting from Defendants' willful and intentional conduct pursuant to 15 U.S.C. § 1117 and 35 U.S.C. §§ 284 and 289 and under Texas law;

M.      An Order awarding YETI punitive and exemplary damages as permitted by Texas law;

N.      An Order awarding YETI pre-judgment interest;

O.      An Order awarding YETI its reasonable costs and attorneys' fees pursuant to Texas law, and a Declaration that this case is "exceptional" within the meaning of 15 U.S.C.§ 1117 and 35 U.S.C. § 285; and

P.      An Order awarding YETI any further relief this Court shall deem just and equitable.

**Answer: The remainder of Yeti's Original Complaint, Paragraphs A through P, merely recites a prayer for relief to which no response is required.  To the extent any response is required Defendants deny that Yeti is entitled to any remedy for relief.**

## JURY DEMAND

Pursuant to Rules 38(b) and 38(c) of the Federal Rules of Civil Procedure, YETI requests a trial by jury for all issues so triable.

**Answer: Defendants acknowledge Yeti's demand and state that they do not dispute Yeti's right to a trial by jury on any issue to triable as of right.**

**RESIDUAL DENIAL: Defendants deny as untrue each and every allegation of the Original Complaint that is not specifically admitted above.**

## AFFIRMATIVE DEFENSES

160.    Defendants assert the following additional defenses to the Original Complaint but do not assume the burden of proof on any such defenses except as required by applicable law.

### FIRST DEFENSE – FAILURE TO STATE A CLAIM

161.    Yeti's Original Complaint fails to state a claim upon which relief may be granted.

### SECOND DEFENSE – STATUTE OF LIMITATIONS

162.    Yeti's claims are barred in whole or in party by the applicable statutes of limitations.

### THIRD DEFENSE - STANDING

163.    Yeti lacks standing to assert the claims contained in the Original Complaint.

### FOURTH DEFENSE – LICENSE OR OTHERWISE AUTHORIZED USE

164.    Yeti's claims are barred to the extent the allegedly unlawful or infringing use was licensed or otherwise authorized by persons or entities with the right to license or authorize such use.

## FIFTH DEFENSE - PREEMPTION

165.    Federal law preempts some or all of Yeti's claims asserted under state law.

## SIXTH DEFENSE - ESTOPPEL

166.    Yeti's claims are barred by the doctrine of estoppel.

## SEVENTH DEFENSE - LACHES

167.    Yeti's claims are barred by the doctrine of laches.

## EIGHTH DEFENSE - WAIVER

168.    Yeti's claims are barred by the doctrine of waiver.

## NINTH DEFENSE – UNCLEAN HANDS

169.    Yeti's claims are barred or abated substantially by the doctrine of unclean hands.

## TENTH DEFENSE – FAILURE TO MITIGATE

170.    Without any admission by Defendants that Yeti suffered any injury in any way, to the extent that Yeti did suffer such injury, their claims are barred in whole or in part because they failed to use reasonable means to prevent the alleged damage and failed to use reasonable means to mitigate their damages.

## ELEVENTH DEFENSE – NO DAMAGES

171.    Yeti's claims fail in whole or in part to the extent they have suffered no damages.

## TWELFTH DEFENSE – NO PATENT INFRINGEMENT

172.    Defendants have not infringed, and do not infringe, either literally or under the doctrine of equivalents, any valid, enforceable, asserted claim of the '397 Patent or the '586 Patent, whether directly, indirectly, individually, jointly, contributorily, and/or by inducement.

## THIRTEENTH DEFENSE – PATENT INVALIDITY

173.   Each asserted claim of the '397 Patent and the '586 Patent is invalid for failure to comply with one or more of the requirements of United States Code, Title 35, including without limitation, 35 U.S.C. §§ 101, 102, 103, 112, and 171, and the rules, regulations, and laws pertaining thereto.

## FOURTEENTH DEFENSE – ADEQUATE REMEDY AT LAW

174.   Yeti is not entitled to injunctive relief as it has, at a minimum, no irreparable injury and an adequate remedy at law for the alleged infringement.

## FIFTEENTH DEFENSE – GOOD FAITH § 285

175.   Defendants have engaged in all relevant activities in good faith, thereby precluding Yeti from recovering its reasonable attorney's fees and/or costs under 35 U.S.C. § 285.

## SIXTEENTH DEFENSE – GOOD FAITH § 284

176.   Defendants have engaged in all relevant activities in good faith, thereby precluding Yeti from recovering increased damages under 35 U.S.C. § 284.

## SEVENTEENTH DEFENSE – NOT WILLFUL

177.   Should Defendants be found to infringe any valid, enforceable claim off the '397 Patent or the '586 Patent, or Yeti's trade dress, such infringement was not and is not willful.

## EIGHTEENTH DEFENSE – NO TRADE DRESS INFRINGEMENT

178.   Defendants have not infringed, and do not infringe any valid, enforceable trade dress of Yeti's products.

## NINETEENTH DEFENSE – TRADE DRESS INVALIDITY

179.    Yeti's trade dress is invalid because it is generic, non-distinctive, functional, and has not acquired secondary meaning.

## TWENTIETH DEFENSE – UNFAIR COMPETITION / FALSE DESIGNATION OF ORIGIN

180.    Defendants have not engaged in any unfair competition or false designation of origin.

## TWENTY-FIRST DEFENSE – TRADE DRESS DILUTION

181.    Defendants have not diluted any valid, enforceable trade dress of Yeti.

## TWENTY-SECOND DEFENSE - MISAPPROPRIATION

182.    Defendants have not engaged in any acts of misappropriation against Yeti.

## TWENTY-THIRD DEFENSE – FAILURE TO MARK

183.    Yeti is barred, or limited from, recovery in whole or in party by the failure to mark, by itself or by one or more parties licenses to practice the '397 Patent or the '586 Patent, as required by 35 U.S.C. § 287.

## TWENTY-FOURTH DEFENSE – RESERVATION OF RIGHTS TO ADD DEFENSES

184.    Yeti reserves the right to assert additional defenses upon discovery of further information concerning Yeti's claims.

Dated: March 21, 2017

Respectfully submitted,

*/s/ Ross Spencer Garsson*
Ross Spencer Garsson
Texas State Bar No. 00784112
Dickinson Wright PLLC
303 Colorado Street, Suite 2050
Austin, Texas 78701
Telephone: 512.770.4222
Facsimile: 512.248.7274
E-Mail: rgarsson@dickinsonwright.com

John S. Artz (MI Bar No. P48578)
Franklin M. Smith (MI Bar No. P76987)
Admitted *pro hac vice*
Dickinson Wright PLLC
2600 W. Big Beaver Rd., Suite 300
Troy, Michigan 48084-3312
Telephone: 248.433.7200
Facsimile: 844.670.6009
E-Mail: jsartz@dickinsonwright.com
E-Mail: fsmith@dickinsonwright.com

**Attorneys for Defendants Ontel Products
Corporation and World Pack USA, LLC**

## CERTIFICATE OF SERVICE

I certify that on March 21, 2017, a true and correct copy of the foregoing instrument was electronically filed with this Court using the CM/ECF system, which will transmit notification of such filing to all counsel of record who have appeared in this matter.

*/s/ Ross Spencer Garsson*
Ross Spencer Garsson

BLOOMFIELD 64944-146 1791301v5